Manatt, Phelps & Phillips, LLP
GERALD A. MARGOLIS (Bar No. CA 059010)
E-mail: gmargolis@manatt.com
CRAIG S. RUTENBERG (Bar No. CA 205309)
E-mail: crutenberg@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

Mozley, Finlayson & Loggins LLP
CHRISTOPHER E. PARKER (*pro hac vice* pending)
JESSICA B. COUCH (*pro hac vice* pending)
One Premier Plaza, Suite 900
5605 Glenridge Drive
Atlanta, GA 30342

*Attorneys for Plaintiff*
DAN HOLLINGS

FILED
2008 MAY -8 AM 10:59
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN HOLLINGS, an individual<br><br>Plaintiff,<br><br>vs.<br><br>RHONDA BYRNE, an individual; TS PRODUCTION, LLC, a limited liability company of unknown domesticity, THE SECRET, LLC a Delaware limited liability company aka TS HOLDINGS, LLC, TS PRODUCTION HOLDINGS, LLC, a Hungarian limited liability company; TS MERCHANDISING LTD., a British Virgin Islands Corporation; and PRIME TIME U.S., INC., a Delaware Corporation,<br><br>Defendants. | Case No. **CV08-03024 DDP PJWx**<br><br>COMPLAINT FOR:<br><br>1. BREACH OF CONTRACT<br>2. FRAUDULENT INDUCEMENT<br>3. UNFAIR BUSINESS PRACTICES<br>4. ACCOUNTING<br>5. UNJUST ENRICHMENT<br><br>DEMAND FOR JURY TRIAL |

# COMPLAINT

Dan Hollings, Plaintiff in the above-styled action, files this Complaint against Defendants Rhonda Byrne, TS Production, LLC, The Secret, LLC (aka TS Holdings, LLC) TS Production Holdings, LLC, TS Merchandising, Ltd., and Prime Time U.S., Inc. (hereinafter collectively referred to as "Defendants"), alleging as follows:

## JURISDICTION AND VENUE

1. Plaintiff Dan Hollings is a resident of the State of Arizona.

2. Defendant Rhonda Byrne is a resident of the State of California who resides in or around the County of Santa Barbara and may be served at 900 Hot Springs Road, Santa Barbara, California 93108. Defendant Byrne is the majority and/or beneficial owner of the other business entities named as Defendants. Defendant Byrne conducts her business operations relating to *The Secret* from her residence and offices in Santa Barbara County, California. The corporate Defendants constitute a complex business organization designed to achieve beneficial tax treatment for Defendant Byrne for the substantial profits derived from *The Secret*. The Secret LLC is a Delaware limited liability company with a principal place of business at 900 Hot Springs Road, Santa Barbara, California 93108-1111. The Secret LLC operates under the name TS Holdings LLC. The Secret LLC's registered agent for service of process is CT Corporation Systems, 208 South LaSalle Street, Suite 814, Chicago, IL 60604.

3. Defendant Prime Time U.S., Inc. is a Delaware corporation with a principal place of business at 1550 N. Cleveland Avenue, Chicago, Illinois 60610 and conducts business in the United States on behalf of or through TS Production, LLC. Upon information and belief, Defendant Prime Time U.S., Inc. is the United States affiliate of Prime Time Productions Holdings Pty Ltd., an Australian corporation which regularly transacts business within the State of California. Defendant Prime Time U.S., Inc. is the wholly-owned subsidiary of TS

1  Productions, LLC. Defendant Prime Time U.S., Inc. can be served with process
2  through its president, director, and/or owner, Defendant Rhoda Byrne at 900 Hot
3  Springs Road, Santa Barbara, California 93108 or its registered agent, CT
4  Corporation Systems, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.
5      4.    Defendant TS Merchandising Ltd is a British Virgin Islands
6  corporation which regularly transacts business within the State of California and
7  which maintains its principal place of business in Chicago, Illinois. TS
8  Merchandising Ltd. controls the distribution and sales of DVDs, books, and other
9  materials relating to *The Secret* and operates websites www.thesecret.tv and
10 www.whatisthesecret.tv that are currently believed to be hosted on internet servers
11 located in San Antonio, Texas TS Merchandising can be served with process
12 through its registered agent, CT Corporation System at 208 South LaSalle Street,
13 Suite 814, Chicago, IL 60604.
14     5.    Defendant TS Production, LLC is a Hungarian limited liability
15 company which regularly transacts business within the State of California and
16 which maintains its principal place of business at 1550 N. Cleveland Avenue,
17 Chicago, Illinois 60610. TS Production, LLC purports to have a principal office at
18 Eros Ugyvedi Iroda, Roosevelt Irodahaz, Roosevelt ter 7-8, Budapest H-1051,
19 Hungary, but, in fact, conducts no substantive business at this location or anywhere
20 within the country of Hungary. The Hungarian address is actually the offices of
21 Defendants' legal counsel, Squire Sanders & Dempsey, a law firm headquartered in
22 Cleveland, Ohio. TS Production, LLC is a shell company that was created in an
23 effort to achieve favorable tax consequences for its owners and to help immunize
24 them from liability. Upon information and belief, TS Production, LLC has been
25 assigned many of the rights associated with *The Secret*. TS Production, LLC can be
26 served with process through its president, Robert Rainone at 1339 W. Georgia
27 Street, Chicago, Illinois 60657. TS Production Holdings, LLC is a Delaware
28 limited liability company and the parent company of TS Production, LLC. It is

believed that TS Production Holdings, LLC receives income from the operations of TS Production, LLC, Prime Time U.S., Inc., and TS Merchandising Ltd. relating to *The Secret*. TS Production Holdings, LLC is believed to be owned in whole or in substantial part by Rhonda Byrne. It is further believed that TS Production Holdings, LLC was originally incorporated under the name Byrne Holdings LLC. TS Production Holdings, LLC's registered agent for service of process is The Corporation Trust Company, 1209 North Orange Street, Wilmington, Delaware 19801.

6. This Court has personal jurisdiction over Defendant Byrne because she is a resident of the State of California and of this judicial district, who regularly transacts business that is the subject matter of this litigation and otherwise. This Court has personal jurisdiction over all the defendants because the defendants, both collectively and individually, availed themselves of the State of California by soliciting and conducting business within the State of California, actively soliciting and maintaining California residents as potential clients and customers for their various enterprises and by committing tortious acts within the State of California. Defendants also maintain websites that sell and ship products to customers in the State of California. This Court has personal jurisdiction over any defendants which are served with process within the State of California.

7. This action is within the Court's jurisdiction under the provisions of 28 U.S.C. § 1332 in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of Seventy Five Thousand and 00/100 Dollars ($75,000.00), exclusive of interest and costs.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred and a substantial part of property that is the subject of the action is situated in the Central District of California. Venue is proper in this Court because Defendants are

domiciled, transact business and/or committed tortious acts within this judicial district.

## FACTUAL BACKGROUND

9. Defendant Rhonda Byrne is the creator, author and producer of "*The Secret*", a film that has been viewed by millions around the world. *The Secret* has also been released as a book with more than seven million copies in print.

10. Upon information and belief, Defendant Byrne owns all or a significant portion of Defendant Prime Time Productions, an Australia-based film and television company. Prime Time Productions produces films in multiple cities across the world including Melbourne, Chicago, Austin, and Los Angeles.

11. In 2005, Mr. Hollings began negotiations with Rhonda Byrne and her company, Prime Time Productions, to perform internet strategy and marketing services that included oversight and direct involvement in the creation, maintenance, support and operation of websites for the project known as *The Secret* (collectively, "*The Secret* Website"), as well as the internet marketing strategies to support *The Secret*.

12. Ms. Byrne represented that she was in the course of producing a movie called *The Secret* and solicited Mr. Hollings' help in designing and setting up the website and overseeing internet activities such as internet strategy, marketing, customer support, fulfillment and programming for *The Secret*'s website.

13. In September of 2005, Mr. Hollings and Ms. Byrne reached an agreement under which Mr. Hollings was retained to provide creative and marketing services necessary for the establishment of a website and related marketing channels that were a vital component of *The Secret* strategy, advertising, production and sales campaign that were to follow.

14. Mr. Hollings was chosen by Ms. Byrne based on his reputation, experience, and his unique skill set and ability to provide a substantial platform that would assist in the roll-out and sales of *The Secret* movie and related products in a

manner that would maximize the revenue captured by the program. Far from just providing basic website development, the strategy, marketing and platform established and implemented by Mr. Hollings was integral to Ms. Byrne's efforts to establish a multi-million dollar product in a world-wide consumer market. Mr. Hollings' internet strategy and services provided the primary means by which customers were introduced to and sold the various products offered at *The Secret* website. Mr. Hollings' services were specifically acknowledged by Defendant Byrne in *The Secret* book.

15. *The Secret* marketing campaign and marketing pages were launched in March 2006 and *The Secret* web site was launched along with the release of *The Secret* movie in late August 2006.

16. Millions of people have viewed *The Secret* film since the internet marketing campaign began in March 2006. The book *The Secret*, became a #1 New York Times bestseller and has more than 7.5 million copies in print. According to its website, *The Secret* film and book have been translated into many languages for audiences around the world.

17. The terms of the agreement between Mr. Hollings and Defendant Byrne are memorialized in a series of email correspondence which sets forth Defendant Byrne's desire to maximize the profit potential surrounding this project and the amount of revenues that could be captured through the web-based marketing campaign.

18. In her email correspondence to Mr. Hollings, Defendant Byrne and Prime Time Productions promised to pay Mr. Hollings, "US$8,000.00 per month to broadcast plus a share of 10% of gross margins of all revenues from *The Secret* website. The revenues you will receive from this, in fact, will exceed the Nine Network's revenues as they have 10% of Prime Time's net profits, which will come after your share." A true and correct copy of the email correspondence between Mr. Hollings and Defendant Byrne is attached hereto as Exhibit A.

19. Following the negotiations between Mr. Hollings and Defendant Byrne and Defendant Prime Time Products, Defendant Byrne established Defendant TS Merchandising to handle certain business matters related to *The Secret's* website.

20. Plaintiff Hollings performed all work asked and required of him on *The Secret* website, including internet strategy and development and implementation of the marketing campaign pursuant to his agreement with Defendants. Further, in order to perform his obligations under the contract, Defendant was forced to put aside other clients and opportunities so that he could designate adequate time to *The Secret* website, internet strategy and marketing.

21. In April, 2006, after the website's launch, Mr. Hollings sent an invoice to TS Merchandising requesting his 10% share of the gross margins pursuant to the terms of his agreement with Ms. Byrne and Prime Time Productions.

22. Following April, 2006, *The Secret* sent numerous communications assuring Mr. Hollings that his portion of the gross margin would be forthcoming. Defendant went so far as to instruct Mr. Hollings to set up an LLC for the purpose of receiving the large sum of money.

23. Defendants have failed to pay Mr. Hollings the agreed upon percentage of the gross margin which he is due pursuant to his agreement with Defendants; an amount which is now believed to be in excess $3,000,000.00.

## COUNT I – BREACH OF CONTRACT

24. Plaintiff realleges the allegations in paragraphs 1 through 23 of this Complaint as if set forth here verbatim.

25. The agreement between Plaintiff and Defendants forms a binding contract between the parties for which Defendants have received valuable consideration.

26. Defendants' failure to pay Plaintiff's 10% portion of the gross margin constitutes a breach of the contract between the parties.

27. As a direct and proximate result of Defendants' breach, Plaintiff has suffered damages in the amount of at least $250,000.00 plus interest and costs.

## COUNT II – FRAUDULENT INDUCEMENT

28. Plaintiff realleges the allegations in paragraphs 1 through 26 of this Complaint as if set forth here verbatim.

29. Defendants induced Plaintiff to perform work for *The Secret* website by falsely representing either orally, in writing or by implied conduct, that they would pay him 10% of gross margin for his work.

30. Defendants induced Plaintiff to set aside other clients and business opportunities by falsely representing either orally, in writing or by implied conduct, that they would pay him 10% of gross margin for his work.

31. Defendants' representations were false and Defendants knew them to be false. Defendants, through Rhonda Byrne and Robert Rainone, were well aware that they would not pay Plaintiff the percentage of gross margin which they had fraudulently promised.

32. At all times relative hereto, Plaintiff reasonably believed Defendants' representations, was unaware of the true concealed facts, and justifiably relied upon Defendants' representations by performing work on *The Secret's* website and setting aside other clients and opportunities in order to complete his performance under the contract.

33. If Plaintiff had known the true facts, Plaintiff would not have performed the work on *The Secret*'s Website and would not have set aside other clients and opportunities in order to perform work for Defendants.

34. As a proximate result of Defendants' fraud and deceit, Plaintiff has suffered general and special damages in an amount to be proven at trial in excess of $250,000.00.

35. Upon information and belief, Defendants are guilty of oppression, fraud and malice towards him. Therefore, in addition to actual damages, Plaintiff is

entitled to recover punitive damages from Defendants, for the purpose of punishing Defendants and deterring it and others from engaging in such actions in the future.

### COUNT III – UNJUST ENRICHMENT

36. Plaintiff realleges the allegations in paragraphs 1 through 34 of this Complaint as if set forth here verbatim.

37. Plaintiffs has performed services for Defendant for which Defendant has failed to compensate Plaintiff and Defendant has been unjustly enriched thereby.

38. Defendant has maintained money which is due and owing to Plaintiff and to which Plaintiff is entitled and Defendant has been unjustly enriched thereby.

39. Plaintiff has repeatedly demanded that Defendant remit payment of the amounts owed by Defendant to Plaintiff.

40. Defendant has failed, refused and continues to refuse to pay the amount due and owing to Plaintiff, thereby resulting in damages to Plaintiff in the amount to be proven at trial, plus interest, attorney fees and costs pursuant to the terms of the Programs.

### COUNT IV – UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROVISIONS CODE § 17200

41. Plaintiff realleges the allegations in paragraphs 1 through 40 of this Complaint as if set forth here verbatim.

42. Defendants, and each of them, are "persons" as defined under California Business and Professions Code § 17021.

43. By engaging in the above-described practices and actions, Defendants have committed one or more acts of unfair competition within the meaning of California Business & Professions Code § 17200, *et seq*. Under these statutes, "unfair competition" means an unlawful, unfair or fraudulent business act or practice. This conduct as alleged is actionable pursuant to Business & Professions Code §§ 17200 and 17203.

44. Beginning on a date unknown to Plaintiff and continuing to the present, on information and belief, Defendants have engaged in, and continue to engage in, such unfair competition. Defendants' acts and practices are wrongful, arbitrary, without reasonable business or commercial justification, unethical, oppressive, and have caused substantial harm and injury to Plaintiff.

45. Defendants' acts constitute continuing and ongoing unfair competition and unfair and unlawful activity prohibited by California Business and Professions Code §§ 17200 *et seq.*, and justify the issuance of an injunction, restitution and other equitable relief pursuant to California Business and Professions Code § 17203.

46. As a result, Plaintiff requests relief as hereinafter provided, including recovery of the profits garnered by Defendants at Plaintiff's expense and including reasonable attorney's fees he has been forced to incur, and continues to incur, in prosecution of his rights through this action.

## COUNT V – ACCOUNTING

47. Plaintiff realleges the allegations in paragraphs 1 through 46 of this Complaint as if set forth here verbatim.

48. By virtue of the above, Plaintiff is entitled to an accounting of all revenue, profits and costs of production generated by Defendants resulting from their sale of all products related to *The Secret* book, movie and other products contemplated for sale as part of *The Secret*.

WHEREFORE, Plaintiff respectfully requests the following:

    a. A judgment on Count One in an amount to be determined by the enlightened conscience of an impartial jury, no less than $250,000.00 together with prejudgment interest and costs;

    b. a judgment on Count Two in an amount to be proven at trial in excess of $250,000.00 plus punitive damages;

    c.    a judgment on Count Three in an amount to be proven at trial in excess of $250,000.00 plus exemplary damages;

    d.    a judgment on Count Four in an amount to be proven at trial in excess of $250,000.00 plus exemplary damages;

    e.    a judgment on Count Four in an amount to be proven at trial in excess of $250,000.00 plus attorneys fees;

    f.    an accounting of all revenues and expenses necessary to determine Plaintiff's entitlement to compensation;

    g.    a trial by jury; and

    h.    any other relief the Court deems just and proper.

Dated:    May 7, 2008

Respectfully submitted,

Manatt, Phelps & Phillips, LLP
Gerald A. Margolis
Craig S. Rutenberg

Mozley, Finlayson & Loggins LLP
Christopher E. Parker (*pro hac vice* pending)
Jessica B. Couch (*pro hac vice* pending)

By: _/s/ Craig S. Rutenberg_
Craig S. Rutenberg
*Attorneys for Plaintiff*
DAN HOLLINGS

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: May 7, 2008

Respectfully submitted,

Manatt, Phelps & Phillips, LLP
Gerald A. Margolis
Craig S. Rutenberg

Mozley, Finlayson & Loggins LLP
Christopher E. Parker (*pro hac vice* pending)
Jessica B. Couch (*pro hac vice* pending)

By: _____
Craig S. Rutenberg
*Attorneys for Plaintiff*
DAN HOLLINGS

# EXHIBIT 1

Case 1:08-cv-04369   Document 1   Filed 05/08/2008   Page 13 of 19

**REDACTED**

---

**From:** Rhonda Byrne
**Sent:** Monday, 26 September 2005 12:44 PM
**To:** 'Dan Hollings www.DanHollings.com'
**Subject:** RE: THE SECRET

Hello Dan,

We are still working out the basic heads of agreement with PI, which is all going along really well, and I anticipate we will have that all down within the next day or two. In the meantime, I want to proceed with finalising things with you, so you know where you are.

I am happy to pay you US$8,000 per month to broadcast plus a share in 10% of gross margins of all revenues from The Secret website. The revenues you will receive from this, in fact will exceed the Nine Network's revenues, as they have 10% of Prime Time's net profits, which will come after your share.

If you are fine with this, I will have a simple agreement drawn up that reflects it. The only other thing that I am thinking I would want to include is that when you reach a particular platform of receiving revenues — that your monthly fee is offset against that. So for example, when you are receiving US$100,000 a month, it seems unrealistic to be paying you your monthly fee on top of that. So I want to set a figure that we both feel comfortable with. I am sure there is a set formula for doing this, so I will check on that in the meantime.

Let me know if you are fine with this, and we can proceed.

Regards,
Rhonda Byrne
**DIRECTOR**

---



**Prime Time Productions**
3rd Floor, 627 Chapel Street
South Yarra Victoria 3141
Australia
Mobile +61 412 339 426
Phone +61 3 9827 9855
Fax +61 3 9827 9655

-----Original Message-----
**From:** Dan Hollings www.DanHollings.com [mailto:dhollings@mac.com]
**Sent:** Sunday, 25 September 2005 2:01 PM
**To:** Rhonda Byrne
**Subject:** Re: THE SECRET

On Sep 24, 2005, at 8:12 PM, Rhonda Byrne wrote:

Hi Dan,

The great news is Marcy and I have just been on Yahoo, and the confusion has now turned into clarity for us both, so we can move forward in just defining that clarity in our agreement.

Great.

I wanted you to know that all is well, and our intention is to proceed on the way Bob presented the proposal with The Secret and PI, and we will define the value brought to both in our agreement.

I will be back to you today or tomorrow on percentages. I am very excited about all of this. My team will have finished reformatting the trailer for the website by tomorrow morning, which also includes the finished logo and animation of The Secret.

Thank you for your help on this Dan.

Rhonda

All good. Very good.

Oh, and your letter "The Secret Update" was very exciting. Well written.

TS 00197

Thanks,
Dan

Craig S. Rutenberg (Bar No. CA 436309)
crutenberg@manatt.com
Manatt, Phelps & Phillips, LLP
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN HOLLINGS, an individual<br><br>PLAINTIFF(S)<br><br>V.<br><br>RHONDA BYRNE, an individual; TS PRODUCTION, LLC; THE SECRET LLC (a/k/a TS HOLDINGS LLC); TS PRODUCTION HOLDINGS LLC; TS MERCHANDISING, LTD.; and PRIME TIME US, INC.<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV08-03024 DDP PJWx<br><br>SUMMONS |

TO: DEFENDANT(S): <u>RHONDA BYRNE, an individual; TS PRODUCTION, LLC; THE SECRET LLC (a/k/a TS HOLDINGS LLC); TS PRODUCTION HOLDINGS LLC; TS MERCHANDISING, LTD.; and PRIME TIME US, INC.</u>

A lawsuit has been filed against you.

Within <u>20</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ ____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Craig S. Rutenberg</u>, whose address is <u>11355 West Olympic Boulevard, Los Angeles, CA 90064-1614</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __MAY -8 2008__   By: __NATALIE LONGORIA__
Deputy Clerk
(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

41275857.1

CV-01A (12/07)  SUMMONS  American LegalNet, Inc.
www.USCourtForms.com

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Dan Hollings

**DEFENDANTS**
Rhonda Byrne, an individual; TS Production, LLC; The Secret LLC (a/k/a TS Holdings LLC); TS Production Holdings LLC; TS Merchandising, Ltd.; and Prime Time US, Inc.

**(b) County of Residence of First Listed Plaintiff** (Except in U.S. Plaintiff Cases):
State of Arizona

**County of Residence of First Listed Defendant** (In U.S. Plaintiff Cases Only):
Santa Barbara

**(c) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Craig S. Rutenberg (Bar No. CA 205309)
Manatt, Phelps & Phillips, LLP
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000; Email: crutenberg@manatt.com

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No ☒ **MONEY DEMANDED IN COMPLAINT:** $ 250,000.00 at least

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Breach of contract and fraud related to internet marketing agreement

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☒ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 865 RSI(405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | ☐ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: **CV08-03024**

CV-71 (07/05)      CIVIL COVER SHEET      American LegalNet, Inc. www.USCourtForms.com      Page 1 of 3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s):_____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
Arizona

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
Rhonda Byrne - Santa Barbara County; TS Production, LLC - a Hungarian corporation with its principal place of business in Illinois; The Secret LLC (a/k/a TS Holdings LLC) - a Delaware corporation with its principal place of business in Santa Barbara; TS Production Holdings LLC - a Delaware corporation; TS Merchandising, Ltd. - a British Virgin Islands corporation with its principal place of business in Illinois; Prime Time US, Inc. - a Delaware corporation with its principal place of business in Illinois

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
Santa Barbara County

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____ Date 5/7/08

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

**CV08- 3024 DDP (PJWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY