Manatt, Phelps & Phillips, LLP
GERALD A. MARGOLIS (Bar No. CA 059010)
E-mail: gmargolis@manatt.com
CRAIG S. RUTENBERG (Bar No. CA 205309)
E-mail: crutenberg@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

Mozley, Finlayson & Loggins LLP
CHRISTOPHER E. PARKER (*admitted pro hac vice*)
E-mail: cparker@mfllaw.com
JESSICA B. COUCH (*admitted pro hac vice*)
E-mail: jcouch@mfllaw.com
One Premier Plaza, Suite 900
5605 Glenridge Drive
Atlanta, GA 30342

*Attorneys for Plaintiff*
DAN HOLLINGS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN HOLLINGS, an individual<br><br>Plaintiff,<br><br>vs.<br><br>RHONDA BYRNE, an individual; TS PRODUCTION, LLC, a limited liability company of unknown domesticity, THE SECRET, LLC a Delaware limited liability company aka TS HOLDINGS, LLC, TS PRODUCTION HOLDINGS, LLC, a Hungarian limited liability company; TS MERCHANDISING LTD., a British Virgin Islands Corporation; and PRIME TIME U.S., INC., a Delaware Corporation,<br><br>Defendants. | Case No. CV08-3024 DDP (PJWx)<br><br>FIRST AMENDED COMPLAINT FOR:<br><br>1. BREACH OF CONTRACT<br><br>2. FRAUDULENT INDUCEMENT<br><br>3. UNJUST ENRICHMENT<br><br>4. UNFAIR BUSINESS PRACTICES<br><br>5. PROMISSORY ESTOPPEL<br><br>6. ACCOUNTING<br><br>DEMAND FOR JURY TRIAL |

1

**AMENDED COMPLAINT**

Dan Hollings, Plaintiff in the above-styled action, files this Amended

Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1) against Defendants

Rhonda Byrne, TS Production, LLC, The Secret, LLC (aka TS Holdings, LLC) TS

Production Holdings, LLC, TS Merchandising, Ltd., and Prime Time U.S., Inc.

(hereinafter collectively referred to as "Defendants"), alleging as follows:

**JURISDICTION AND VENUE**

1.    Plaintiff Dan Hollings is a resident of the State of Arizona.

2.    Defendant Rhonda Byrne is a resident of the State of California who

resides in or around the County of Santa Barbara and may be served at 900 Hot

Springs Road, Santa Barbara, California 93108.  Defendant Byrne is the majority

and/or beneficial owner of the other business entities named as Defendants.

Defendant Byrne conducts her business operations relating to *The Secret* from her

residence and offices in Santa Barbara County, California.  The corporate

Defendants constitute a complex business organization designed to achieve

beneficial tax treatment for Defendant Byrne for the substantial profits derived from

*The Secret*.  The Secret LLC is a Delaware limited liability company with a

principal place of business at 900 Hot Springs Road, Santa Barbara, California

93108-1111.  The Secret LLC operates under the name TS Holdings LLC.  The

Secret LLC's registered agent for service of process is CT Corporation Systems,

208 South LaSalle Street, Suite 814, Chicago, IL 60604.

3.    Defendant Prime Time U.S., Inc. is a Delaware corporation with a

principal place of business at 1550 N. Cleveland Avenue, Chicago, Illinois 60610

and conducts business in the United States on behalf of or through TS Production,

LLC.  Upon information and belief, Defendant Prime Time U.S., Inc. is the United

States affiliate of Prime Time Productions Holdings Pty Ltd., an Australian

corporation which regularly transacts business within the State of California.

Defendant Prime Time U.S., Inc. is the wholly-owned subsidiary of TS

1    Productions, LLC.  Defendant Prime Time U.S., Inc. can be served with process

2    through its president, director, and/or owner, Defendant Rhoda Byrne at 900 Hot

3    Springs Road, Santa Barbara, California 93108 or its registered agent, CT

4    Corporation Systems, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

5        4.    Defendant TS Merchandising Ltd is a British Virgin Islands

6    corporation which regularly transacts business within the State of California and

7    which maintains its principal place of business in Chicago, Illinois.  TS

8    Merchandising Ltd. controls the distribution and sales of DVDs, books, and other

9    materials relating to *The Secret* and operates websites www.thesecret.tv and

10   www.whatisthesecret.tv that are currently believed to be hosted on internet servers

11   located in San Antonio, Texas TS Merchandising can be served with process

12   through its registered agent, CT Corporation System at 208 South LaSalle Street,

13   Suite 814, Chicago, IL 60604.

14       5.    Defendant TS Production, LLC is a Hungarian limited liability

15   company which regularly transacts business within the State of California and

16   which maintains its principal place of business at 1550 N. Cleveland Avenue,

17   Chicago, Illinois 60610.  TS Production, LLC purports to have a principal office at

18   Eros Ugyvedi Iroda, Roosevelt Irodahaz, Roosevelt ter 7-8, Budapest H-1051,

19   Hungary, but, in fact, conducts no substantive business at this location or anywhere

20   within the country of Hungary.  The Hungarian address is actually the offices of

21   Defendants' legal counsel, Squire Sanders & Dempsey, a law firm headquartered in

22   Cleveland, Ohio.  TS Production, LLC is a shell company that was created in an

23   effort to achieve favorable tax consequences for its owners and to help immunize

24   them from liability.  Upon information and belief, TS Production, LLC has been

25   assigned many of the rights associated with *The Secret*.  TS Production, LLC can be

26   served with process through its president, Robert Rainone at 1339 W. George

27   Street, Chicago, Illinois 60657.  TS Production Holdings, LLC is a Delaware

28   limited liability company and the parent company of TS Production, LLC. It is

1    believed that TS Production Holdings, LLC receives income from the operations of

2    TS Production, LLC, Prime Time U.S., Inc., and TS Merchandising Ltd. relating to

3    *The Secret*. TS Production Holdings, LLC is believed to be owned in whole or in

4    substantial part by Rhonda Byrne.  It is further believed that TS Production

5    Holdings, LLC was originally incorporated under the name Byrne Holdings LLC.

6    TS Production Holdings, LLC's registered agent for service of process is The

7    Corporation Trust Company, 1209 North Orange Street, Wilmington, Delaware

8    19801.

9        6.    This Court has personal jurisdiction over Defendant Byrne because she

10    is a resident of the State of California and of this judicial district, who regularly

11    transacts business that is the subject matter of this litigation and otherwise.  This

12    Court has personal jurisdiction over all the defendants because the defendants, both

13    collectively and individually, availed themselves of the State of California by

14    soliciting and conducting business within the State of California, actively soliciting

15    and maintaining California residents as potential clients and customers for their

16    various enterprises and by committing tortious acts within the State of California.

17    Defendants also maintain websites that sell and ship products to customers in the

18    State of California.  This Court has personal jurisdiction over any defendants which

19    are served with process within the State of California.

20        7.    This action is within the Court's jurisdiction under the provisions of

21    28 U.S.C. § 1332 in that it is a civil action between citizens of different states and

22    the matter in controversy exceeds the sum or value of Seventy Five Thousand and

23    00/100 Dollars ($75,000.00), exclusive of interest and costs.

24        8.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because

25    a substantial part of the events or omissions giving rise to the claim occurred and a

26    substantial part of property that is the subject of the action is situated in the Central

27    District of California.  Venue is proper in this Court because Defendants are

28    domiciled, transact business and/or committed tortious acts within this judicial

1   district.

2   <h2 style="text-align:center">**FACTUAL BACKGROUND**</h2>

3       9.    Defendant Rhonda Byrne is the creator, author and producer of "*The*

4   *Secret*", a film that has been viewed by millions around the world. *The Secret* has

5   also been released as a book with more than seven million copies in print.

6       10.    Upon information and belief, Defendant Byrne owns all or a

7   significant portion of Defendant Prime Time Productions, an Australia-based film

8   and television company. Prime Time Productions produces films in multiple cities

9   across the world including Melbourne, Chicago, Austin, and Los Angeles.

10       11.    In 2005, Mr. Hollings began negotiations with Rhonda Byrne and her

11   company, Prime Time Productions, to perform internet strategy and marketing

12   services that included oversight and direct involvement in the creation,

13   maintenance, support and operation of websites for the project known as *The Secret*

14   (collectively, "*The Secret* Website"), as well as the internet marketing strategies to

15   support *The Secret*.

16       12.    Ms. Byrne represented that she was in the course of producing a movie

17   called *The Secret* and solicited Mr. Hollings' help in designing and setting up the

18   website and overseeing internet activities such as internet strategy, marketing,

19   customer support, fulfillment and programming for *The Secret*'s website.

20       13.    In September of 2005, Mr. Hollings and Ms. Byrne reached an

21   agreement under which Mr. Hollings was retained to provide creative and

22   marketing services necessary for the establishment of a website and related

23   marketing channels that were a vital component of *The Secret* strategy, advertising,

24   production and sales campaign that were to follow.

25       14.    Mr. Hollings was chosen by Ms. Byrne based on his reputation,

26   experience, and his unique skill set and ability to provide a substantial platform that

27   would assist in the roll-out and sales of *The Secret* movie and related products in a

28   manner that would maximize the revenue captured by the program. Far from just

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41280613.1                  4                FIRST AMENDED COMPLAINT

1    providing basic website development, the strategy, marketing and platform

2    established and implemented by Mr. Hollings was integral to Ms. Byrne's efforts to

3    establish a multi-million dollar product in a world-wide consumer market.  Mr.

4    Hollings' internet strategy and services provided the primary means by which

5    customers were introduced to and sold the various products offered at *The Secret*

6    website.  Mr. Hollings' services were specifically acknowledged by Defendant

7    Byrne in *The Secret* book.

8         15.    *The Secret* marketing campaign and marketing pages were launched in

9    March 2006 and *The Secret* web site was launched along with the release of *The*

10   *Secret* movie in late August 2006.

11        16.    Millions of people have viewed *The Secret* film since the internet

12   marketing campaign began in March 2006.  The book *The Secret*, became a #1 New

13   York Times bestseller and has more than 7.5 million copies in print.  According to

14   its website, *The Secret* film and book have been translated into many languages for

15   audiences around the world.

16        17.    The terms of the agreement between Mr. Hollings and Defendant

17   Byrne are memorialized in a series of email correspondence which sets forth

18   Defendant Byrne's desire to maximize the profit potential surrounding this project

19   and the amount of revenues that could be captured through the web-based

20   marketing campaign.

21        18.    In her email correspondence to Mr. Hollings, Defendant Byrne and

22   Prime Time Productions promised to pay Mr. Hollings, "US$8,000.00 per month to

23   broadcast plus a share of 10% of gross margins of all revenues from *The Secret*

24   website.  The revenues you will receive from this, in fact, will exceed the Nine

25   Network's revenues as they have 10% of Prime Time's net profits, which will come

26   after your share."  A true and correct copy of the email correspondence between

27   Mr. Hollings and Defendant Byrne is attached hereto as Exhibit A.

28        19.    Following the negotiations between Mr. Hollings and Defendant Byrne

1  and Defendant Prime Time Products, Defendant Byrne established Defendant TS

2  Merchandising to handle certain business matters related to *The Secret's* website.

3     20.    Plaintiff Hollings performed all work asked and required of him on

4  *The Secret* website, including internet strategy and development and

5  implementation of the marketing campaign pursuant to his agreement with

6  Defendants.  Further, in order to perform his obligations under the contract,

7  Defendant was forced to put aside other clients and opportunities so that he could

8  designate adequate time to *The Secret* website, internet strategy and marketing.

9     21.    In April, 2006, after the website's launch, Mr. Hollings sent an invoice

10  to TS Merchandising requesting his 10% share of the gross margins pursuant to the

11  terms of his agreement with Ms. Byrne and Prime Time Productions.

12     22.    Following April, 2006, *The Secret* sent numerous communications

13  assuring Mr. Hollings that his portion of the gross margin would be forthcoming.

14  Defendant went so far as to instruct Mr. Hollings to set up an LLC for the purpose

15  of receiving the large sum of money.

16     23.    Defendants have failed to pay Mr. Hollings the agreed upon

17  percentage of the gross margin which he is due pursuant to his agreement with

18  Defendants; an amount which is now believed to be in excess $3,000,000.00.

19              **COUNT I – BREACH OF CONTRACT**

20     24.    Plaintiff realleges the allegations in paragraphs 1 through 23 of this

21  Complaint as if set forth here verbatim.

22     25.    The agreement between Plaintiff and Defendants forms a binding

23  contract between the parties for which Defendants have received valuable

24  consideration.

25     26.    Defendants' failure to pay Plaintiff's 10% portion of the gross margin

26  constitutes a breach of the contract between the parties.

27     27.    As a direct and proximate result of Defendants' breach, Plaintiff has

28  suffered damages in the amount of at least $250,000.00 plus interest and costs.

## COUNT II – FRAUDULENT INDUCEMENT

28. Plaintiff realleges the allegations in paragraphs 1 through 26 of this Complaint as if set forth here verbatim.

29. Defendants induced Plaintiff to perform work for *The Secret* website by falsely representing either orally, in writing or by implied conduct, that they would pay him 10% of gross margin for his work.

30. Defendants induced Plaintiff to set aside other clients and business opportunities by falsely representing either orally, in writing or by implied conduct, that they would pay him 10% of gross margin for his work.

31. Defendants' representations were false and Defendants knew them to be false. Defendants, through Rhonda Byrne and Robert Rainone, were well aware that they would not pay Plaintiff the percentage of gross margin which they had fraudulently promised.

32. At all times relative hereto, Plaintiff reasonably believed Defendants' representations, was unaware of the true concealed facts, and justifiably relied upon Defendants' representations by performing work on *The Secret's* website and setting aside other clients and opportunities in order to complete his performance under the contract.

33. If Plaintiff had known the true facts, Plaintiff would not have performed the work on *The Secret*'s Website and would not have set aside other clients and opportunities in order to perform work for Defendants.

34. As a proximate result of Defendants' fraud and deceit, Plaintiff has suffered general and special damages in an amount to be proven at trial in excess of $250,000.00.

35. Upon information and belief, Defendants are guilty of oppression, fraud and malice towards him. Therefore, in addition to actual damages, Plaintiff is entitled to recover punitive damages from Defendants, for the purpose of punishing Defendants and deterring it and others from engaging in such actions in the future.

## COUNT III – UNJUST ENRICHMENT

36.    Plaintiff realleges the allegations in paragraphs 1 through 34 of this Complaint as if set forth here verbatim.

37.    Plaintiff has performed services for Defendant for which Defendant has failed to compensate Plaintiff and Defendant has been unjustly enriched thereby.

38.    Defendant has maintained money which is due and owing to Plaintiff and to which Plaintiff is entitled and Defendant has been unjustly enriched thereby.

39.    Plaintiff has repeatedly demanded that Defendant remit payment of the amounts owed by Defendant to Plaintiff.

40.    Defendant has failed, refused and continues to refuse to pay the amount due and owing to Plaintiff, thereby resulting in damages to Plaintiff in the amount to be proven at trial, plus interest, attorney fees and costs pursuant to the terms of the Programs.

## COUNT IV – UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROVISIONS CODE § 17200

41.    Plaintiff realleges the allegations in paragraphs 1 through 40 of this Complaint as if set forth here verbatim.

42.    Defendants, and each of them, are "persons" as defined under California Business and Professions Code § 17021.

43.    By engaging in the above-described practices and actions, Defendants have committed one or more acts of unfair competition within the meaning of California Business & Professions Code § 17200, *et seq.*  Under these statutes, "unfair competition" means an unlawful, unfair or fraudulent business act or practice.  This conduct as alleged is actionable pursuant to Business & Professions Code §§ 17200 and 17203.

44.    Beginning on a date unknown to Plaintiff and continuing to the present, on information and belief, Defendants have engaged in, and continue to

1  engage in, such unfair competition.  Defendants' acts and practices are wrongful,

2  arbitrary, without reasonable business or commercial justification, unethical,

3  oppressive, and have caused substantial harm and injury to Plaintiff.

4      45.    Defendants' acts constitute continuing and ongoing unfair competition

5  and unfair and unlawful activity prohibited by California Business and Professions

6  Code §§ 17200 *et seq.*, and justify the issuance of an injunction, restitution and

7  other equitable relief pursuant to California Business and Professions Code

8  § 17203.

9      46.    As a result, Plaintiff requests relief as hereinafter provided, including

10 recovery of the profits garnered by Defendants at Plaintiff's expense and including

11 reasonable attorney's fees he has been forced to incur, and continues to incur, in

12 prosecution of his rights through this action.

13                **COUNT V –PROMISSORY ESTOPPEL**

14     47.    Plaintiff realleges the allegations in paragraphs 1 through 23 and 28

15 through 46 of this Complaint as if set forth here verbatim.

16     48.    Defendants made a promise to Plaintiff that they would pay him 10%

17 of gross margin for his work, which promise was clear and unambiguous in its

18 terms.

19     49.    Plaintiff relied upon Defendants' clear and unambiguous promise.

20     50.    Plaintiff's reliance was reasonable and foreseeable.

21     51.    As a direct result of Plaintiff's reasonable and foreseeable reliance on

22 Defendant's promise, Plaintiff has been injured in the amount to be proven at trial,

23 plus interest, attorney fees and costs pursuant to the terms of the Programs.

24                **COUNT VI – ACCOUNTING**

25     52.    Plaintiff realleges the allegations in paragraphs 1 through 51 of this

26 Complaint as if set forth here verbatim.

27     53.    By virtue of the above, Plaintiff is entitled to an accounting of all

28 revenue, profits and costs of production generated by Defendants resulting from

1   their sale of all products related to *The Secret* book, movie and other products

2   contemplated for sale as part of *The Secret*.

3          WHEREFORE, Plaintiff respectfully requests the following:

4          a.    A judgment on Count One in an amount to be determined by the

5   enlightened conscience of an impartial jury, no less than $250,000.00 together with

6   prejudgment interest and costs;

7          b.    a judgment on Count Two in an amount to be proven at trial in

8   excess of $250,000.00 plus punitive damages;

9          c.    a judgment on Count Three in an amount to be proven at trial in

10  excess of $250,000.00 plus exemplary damages;

11         d.    a judgment on Count Four in an amount to be proven at trial in

12  excess of $250,000.00 plus exemplary damages;

13         e.    a judgment on Count Five in an amount to be proven at trial in

14  excess of $250,000.00 plus attorneys fees;

15         f.    an accounting of all revenues and expenses necessary to

16  determine Plaintiff's entitlement to compensation;

17         g.    a trial by jury; and

18         h.    any other relief the Court deems just and proper.

19
20  Dated:    May 21, 2008              Respectfully submitted,

21                                      Manatt, Phelps & Phillips, LLP
                                        Gerald A. Margolis
22                                      Craig S. Rutenberg

23                                      Mozley, Finlayson & Loggins LLP
                                        Christopher E. Parker (*admitted pro hac vice*)
24                                      Jessica B. Couch (*admitted pro hac vice*)

25
26  By: _____
27         Craig S. Rutenberg
           *Attorneys for Plaintiff*
28         DAN HOLLINGS

1

## JURY DEMAND

2          Plaintiff hereby demands a trial by jury.

3

4    Dated:    May 21, 2008              Respectfully submitted,

5                                        Manatt, Phelps & Phillips, LLP
                                         Gerald A. Margolis
6                                        Craig S. Rutenberg

7                                        Mozley, Finlayson & Loggins LLP
                                         Christopher E. Parker (*admitted pro hac vice*)
8                                        Jessica B. Couch (*admitted pro hac vice*)

9

10   By: _____

11                                       Craig S. Rutenberg
                                         *Attorneys for Plaintiff*
12                                       DAN HOLLINGS

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I, C.M. Guitian, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11355 West Olympic Boulevard, Los Angeles, California 90064-1614. On May 21, 2008, I served a copy of the within document(s):

**FIRST AMENDED COMPLAINT**

☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☒   by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

*Please see attached service list.*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 21, 2008, at Los Angeles, California.

_____
C.M. Guitian

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41280613.1

PROOF OF SERVICE

1

2

3

## Service List

*Dan Hollings v. Rhonda Byrne, et al.*

U.S. District Court, Central District of California
Case No. CV08-03024 DDP (PJWx)

4

5

6

Rhonda Byrne
900 Hot Springs Road
Santa Barbara, CA  93108

TS Production, LLC
Robert Rainone
1339 W. George Street
Chicago, IL  60657

7

8

9

10

The Secret, LLC
Registered Agent for The Secret, LLC
CT Corporation Systems
208 South LaSalle Street, Suite 814
Chicago, IL  60604

Prime Time U.S., Inc.
Registered Agent for Prime Time U.S., Inc.
CT Corporation Systems
208 South LaSalle Street, Suite 814
Chicago, IL  60604

11

12

13

14

TS Production Holdings, LLC
Registered Agent for TS Production
   Holdings, LLC
The Corporation Trust Company
1209 North Orange Street
Wilmington, DE  19801

TS Merchandising Ltd.
Registered Agent for TS Merchandising
   Ltd.
CT Corporation Systems
208 South LaSalle Street, Suite 814
Chicago, IL  60604

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41280613.1

2

PROOF OF SERVICE