Manatt, Phelps & Phillips, LLP
GERALD A. MARGOLIS (Bar No. CA 059010)
E-mail: gmargolis@manatt.com
CRAIG S. RUTENBERG (Bar No. CA 205309)
E-mail: crutenberg@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

Mozley, Finlayson & Loggins LLP
CHRISTOPHER E. PARKER (*admitted pro hac vice*)
E-mail: cparker@mfllaw.com
JESSICA B. COUCH (*admitted pro hac vice*)
E-mail: jcouch@mfllaw.com
One Premier Plaza, Suite 900
5605 Glenridge Drive
Atlanta, GA 30342

Attorneys for Plaintiff
DAN HOLLINGS

FILED 2008 MAY 22 PM 4:20 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN HOLLINGS, an individual<br><br>Plaintiff,<br><br>vs.<br><br>RHONDA BYRNE, an individual; TS PRODUCTION, LLC, a limited liability company of unknown domesticity, THE SECRET, LLC a Delaware limited liability company aka TS HOLDINGS, LLC, TS PRODUCTION HOLDINGS, LLC, a Hungarian limited liability company; TS MERCHANDISING LTD., a British Virgin Islands Corporation; and PRIME TIME U.S., INC., a Delaware Corporation,<br><br>Defendants. | Case No. CV08-3024 DDP (PJWx)<br><br>FIRST AMENDED COMPLAINT FOR:<br><br>1. BREACH OF CONTRACT<br><br>2. FRAUDULENT INDUCEMENT<br><br>3. UNJUST ENRICHMENT<br><br>4. UNFAIR BUSINESS PRACTICES<br><br>5. PROMISSORY ESTOPPEL<br><br>6. ACCOUNTING<br><br>DEMAND FOR JURY TRIAL |

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41280613.1                                                FIRST AMENDED COMPLAINT

## AMENDED COMPLAINT

Dan Hollings, Plaintiff in the above-styled action, files this Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1) against Defendants Rhonda Byrne, TS Production, LLC, The Secret, LLC (aka TS Holdings, LLC) TS Production Holdings, LLC, TS Merchandising, Ltd., and Prime Time U.S., Inc. (hereinafter collectively referred to as "Defendants"), alleging as follows:

### JURISDICTION AND VENUE

1.  Plaintiff Dan Hollings is a resident of the State of Arizona.

2.  Defendant Rhonda Byrne is a resident of the State of California who resides in or around the County of Santa Barbara and may be served at 900 Hot Springs Road, Santa Barbara, California 93108. Defendant Byrne is the majority and/or beneficial owner of the other business entities named as Defendants. Defendant Byrne conducts her business operations relating to *The Secret* from her residence and offices in Santa Barbara County, California. The corporate Defendants constitute a complex business organization designed to achieve beneficial tax treatment for Defendant Byrne for the substantial profits derived from *The Secret*. The Secret LLC is a Delaware limited liability company with a principal place of business at 900 Hot Springs Road, Santa Barbara, California 93108-1111. The Secret LLC operates under the name TS Holdings LLC. The Secret LLC's registered agent for service of process is CT Corporation Systems, 208 South LaSalle Street, Suite 814, Chicago, IL 60604.

3.  Defendant Prime Time U.S., Inc. is a Delaware corporation with a principal place of business at 1550 N. Cleveland Avenue, Chicago, Illinois 60610 and conducts business in the United States on behalf of or through TS Production, LLC. Upon information and belief, Defendant Prime Time U.S., Inc. is the United States affiliate of Prime Time Productions Holdings Pty Ltd., an Australian corporation which regularly transacts business within the State of California. Defendant Prime Time U.S., Inc. is the wholly-owned subsidiary of TS

Productions, LLC. Defendant Prime Time U.S., Inc. can be served with process through its president, director, and/or owner, Defendant Rhoda Byrne at 900 Hot Springs Road, Santa Barbara, California 93108 or its registered agent, CT Corporation Systems, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

4. Defendant TS Merchandising Ltd is a British Virgin Islands corporation which regularly transacts business within the State of California and which maintains its principal place of business in Chicago, Illinois. TS Merchandising Ltd. controls the distribution and sales of DVDs, books, and other materials relating to *The Secret* and operates websites www.thesecret.tv and www.whatisthesecret.tv that are currently believed to be hosted on internet servers located in San Antonio, Texas TS Merchandising can be served with process through its registered agent, CT Corporation System at 208 South LaSalle Street, Suite 814, Chicago, IL 60604.

5. Defendant TS Production, LLC is a Hungarian limited liability company which regularly transacts business within the State of California and which maintains its principal place of business at 1550 N. Cleveland Avenue, Chicago, Illinois 60610. TS Production, LLC purports to have a principal office at Eros Ugyvedi Iroda, Roosevelt Irodahaz, Roosevelt ter 7-8, Budapest H-1051, Hungary, but, in fact, conducts no substantive business at this location or anywhere within the country of Hungary. The Hungarian address is actually the offices of Defendants' legal counsel, Squire Sanders & Dempsey, a law firm headquartered in Cleveland, Ohio. TS Production, LLC is a shell company that was created in an effort to achieve favorable tax consequences for its owners and to help immunize them from liability. Upon information and belief, TS Production, LLC has been assigned many of the rights associated with *The Secret*. TS Production, LLC can be served with process through its president, Robert Rainone at 1339 W. George Street, Chicago, Illinois 60657. TS Production Holdings, LLC is a Delaware limited liability company and the parent company of TS Production, LLC. It is

believed that TS Production Holdings, LLC receives income from the operations of TS Production, LLC, Prime Time U.S., Inc., and TS Merchandising Ltd. relating to *The Secret*. TS Production Holdings, LLC is believed to be owned in whole or in substantial part by Rhonda Byrne. It is further believed that TS Production Holdings, LLC was originally incorporated under the name Byrne Holdings LLC. TS Production Holdings, LLC's registered agent for service of process is The Corporation Trust Company, 1209 North Orange Street, Wilmington, Delaware 19801.

6. This Court has personal jurisdiction over Defendant Byrne because she is a resident of the State of California and of this judicial district, who regularly transacts business that is the subject matter of this litigation and otherwise. This Court has personal jurisdiction over all the defendants because the defendants, both collectively and individually, availed themselves of the State of California by soliciting and conducting business within the State of California, actively soliciting and maintaining California residents as potential clients and customers for their various enterprises and by committing tortious acts within the State of California. Defendants also maintain websites that sell and ship products to customers in the State of California. This Court has personal jurisdiction over any defendants which are served with process within the State of California.

7. This action is within the Court's jurisdiction under the provisions of 28 U.S.C. § 1332 in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of Seventy Five Thousand and 00/100 Dollars ($75,000.00), exclusive of interest and costs.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred and a substantial part of property that is the subject of the action is situated in the Central District of California. Venue is proper in this Court because Defendants are domiciled, transact business and/or committed tortious acts within this judicial

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41280613.1                      3                   FIRST AMENDED COMPLAINT

1  district.

## FACTUAL BACKGROUND

9.  Defendant Rhonda Byrne is the creator, author and producer of *"The Secret"*, a film that has been viewed by millions around the world. *The Secret* has also been released as a book with more than seven million copies in print.

10. Upon information and belief, Defendant Byrne owns all or a significant portion of Defendant Prime Time Productions, an Australia-based film and television company. Prime Time Productions produces films in multiple cities across the world including Melbourne, Chicago, Austin, and Los Angeles.

11. In 2005, Mr. Hollings began negotiations with Rhonda Byrne and her company, Prime Time Productions, to perform internet strategy and marketing services that included oversight and direct involvement in the creation, maintenance, support and operation of websites for the project known as *The Secret* (collectively, "*The Secret* Website"), as well as the internet marketing strategies to support *The Secret*.

12. Ms. Byrne represented that she was in the course of producing a movie called *The Secret* and solicited Mr. Hollings' help in designing and setting up the website and overseeing internet activities such as internet strategy, marketing, customer support, fulfillment and programming for *The Secret*'s website.

13. In September of 2005, Mr. Hollings and Ms. Byrne reached an agreement under which Mr. Hollings was retained to provide creative and marketing services necessary for the establishment of a website and related marketing channels that were a vital component of *The Secret* strategy, advertising, production and sales campaign that were to follow.

14. Mr. Hollings was chosen by Ms. Byrne based on his reputation, experience, and his unique skill set and ability to provide a substantial platform that would assist in the roll-out and sales of *The Secret* movie and related products in a manner that would maximize the revenue captured by the program. Far from just

providing basic website development, the strategy, marketing and platform established and implemented by Mr. Hollings was integral to Ms. Byrne's efforts to establish a multi-million dollar product in a world-wide consumer market. Mr. Hollings' internet strategy and services provided the primary means by which customers were introduced to and sold the various products offered at *The Secret* website. Mr. Hollings' services were specifically acknowledged by Defendant Byrne in *The Secret* book.

15. *The Secret* marketing campaign and marketing pages were launched in March 2006 and *The Secret* web site was launched along with the release of *The Secret* movie in late August 2006.

16. Millions of people have viewed *The Secret* film since the internet marketing campaign began in March 2006. The book *The Secret*, became a #1 New York Times bestseller and has more than 7.5 million copies in print. According to its website, *The Secret* film and book have been translated into many languages for audiences around the world.

17. The terms of the agreement between Mr. Hollings and Defendant Byrne are memorialized in a series of email correspondence which sets forth Defendant Byrne's desire to maximize the profit potential surrounding this project and the amount of revenues that could be captured through the web-based marketing campaign.

18. In her email correspondence to Mr. Hollings, Defendant Byrne and Prime Time Productions promised to pay Mr. Hollings, "US$8,000.00 per month to broadcast plus a share of 10% of gross margins of all revenues from *The Secret* website. The revenues you will receive from this, in fact, will exceed the Nine Network's revenues as they have 10% of Prime Time's net profits, which will come after your share." A true and correct copy of the email correspondence between Mr. Hollings and Defendant Byrne is attached hereto as Exhibit A.

19. Following the negotiations between Mr. Hollings and Defendant Byrne

and Defendant Prime Time Products, Defendant Byrne established Defendant TS Merchandising to handle certain business matters related to *The Secret's* website.

20. Plaintiff Hollings performed all work asked and required of him on *The Secret* website, including internet strategy and development and implementation of the marketing campaign pursuant to his agreement with Defendants. Further, in order to perform his obligations under the contract, Defendant was forced to put aside other clients and opportunities so that he could designate adequate time to *The Secret* website, internet strategy and marketing.

21. In April, 2006, after the website's launch, Mr. Hollings sent an invoice to TS Merchandising requesting his 10% share of the gross margins pursuant to the terms of his agreement with Ms. Byrne and Prime Time Productions.

22. Following April, 2006, *The Secret* sent numerous communications assuring Mr. Hollings that his portion of the gross margin would be forthcoming. Defendant went so far as to instruct Mr. Hollings to set up an LLC for the purpose of receiving the large sum of money.

23. Defendants have failed to pay Mr. Hollings the agreed upon percentage of the gross margin which he is due pursuant to his agreement with Defendants; an amount which is now believed to be in excess $3,000,000.00.

## COUNT I – BREACH OF CONTRACT

24. Plaintiff realleges the allegations in paragraphs 1 through 23 of this Complaint as if set forth here verbatim.

25. The agreement between Plaintiff and Defendants forms a binding contract between the parties for which Defendants have received valuable consideration.

26. Defendants' failure to pay Plaintiff's 10% portion of the gross margin constitutes a breach of the contract between the parties.

27. As a direct and proximate result of Defendants' breach, Plaintiff has suffered damages in the amount of at least $250,000.00 plus interest and costs.

## COUNT II – FRAUDULENT INDUCEMENT

28. Plaintiff realleges the allegations in paragraphs 1 through 26 of this Complaint as if set forth here verbatim.

29. Defendants induced Plaintiff to perform work for *The Secret* website by falsely representing either orally, in writing or by implied conduct, that they would pay him 10% of gross margin for his work.

30. Defendants induced Plaintiff to set aside other clients and business opportunities by falsely representing either orally, in writing or by implied conduct, that they would pay him 10% of gross margin for his work.

31. Defendants' representations were false and Defendants knew them to be false. Defendants, through Rhonda Byrne and Robert Rainone, were well aware that they would not pay Plaintiff the percentage of gross margin which they had fraudulently promised.

32. At all times relative hereto, Plaintiff reasonably believed Defendants' representations, was unaware of the true concealed facts, and justifiably relied upon Defendants' representations by performing work on *The Secret's* website and setting aside other clients and opportunities in order to complete his performance under the contract.

33. If Plaintiff had known the true facts, Plaintiff would not have performed the work on *The Secret*'s Website and would not have set aside other clients and opportunities in order to perform work for Defendants.

34. As a proximate result of Defendants' fraud and deceit, Plaintiff has suffered general and special damages in an amount to be proven at trial in excess of $250,000.00.

35. Upon information and belief, Defendants are guilty of oppression, fraud and malice towards him. Therefore, in addition to actual damages, Plaintiff is entitled to recover punitive damages from Defendants, for the purpose of punishing Defendants and deterring it and others from engaging in such actions in the future.

## COUNT III – UNJUST ENRICHMENT

36. Plaintiff realleges the allegations in paragraphs 1 through 34 of this Complaint as if set forth here verbatim.

37. Plaintiff has performed services for Defendant for which Defendant has failed to compensate Plaintiff and Defendant has been unjustly enriched thereby.

38. Defendant has maintained money which is due and owing to Plaintiff and to which Plaintiff is entitled and Defendant has been unjustly enriched thereby.

39. Plaintiff has repeatedly demanded that Defendant remit payment of the amounts owed by Defendant to Plaintiff.

40. Defendant has failed, refused and continues to refuse to pay the amount due and owing to Plaintiff, thereby resulting in damages to Plaintiff in the amount to be proven at trial, plus interest, attorney fees and costs pursuant to the terms of the Programs.

## COUNT IV – UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROVISIONS CODE § 17200

41. Plaintiff realleges the allegations in paragraphs 1 through 40 of this Complaint as if set forth here verbatim.

42. Defendants, and each of them, are "persons" as defined under California Business and Professions Code § 17021.

43. By engaging in the above-described practices and actions, Defendants have committed one or more acts of unfair competition within the meaning of California Business & Professions Code § 17200, *et seq.* Under these statutes, "unfair competition" means an unlawful, unfair or fraudulent business act or practice. This conduct as alleged is actionable pursuant to Business & Professions Code §§ 17200 and 17203.

44. Beginning on a date unknown to Plaintiff and continuing to the present, on information and belief, Defendants have engaged in, and continue to

engage in, such unfair competition. Defendants' acts and practices are wrongful, arbitrary, without reasonable business or commercial justification, unethical, oppressive, and have caused substantial harm and injury to Plaintiff.

45. Defendants' acts constitute continuing and ongoing unfair competition and unfair and unlawful activity prohibited by California Business and Professions Code §§ 17200 *et seq.*, and justify the issuance of an injunction, restitution and other equitable relief pursuant to California Business and Professions Code § 17203.

46. As a result, Plaintiff requests relief as hereinafter provided, including recovery of the profits garnered by Defendants at Plaintiff's expense and including reasonable attorney's fees he has been forced to incur, and continues to incur, in prosecution of his rights through this action.

## COUNT V – PROMISSORY ESTOPPEL

47. Plaintiff realleges the allegations in paragraphs 1 through 23 and 28 through 46 of this Complaint as if set forth here verbatim.

48. Defendants made a promise to Plaintiff that they would pay him 10% of gross margin for his work, which promise was clear and unambiguous in its terms.

49. Plaintiff relied upon Defendants' clear and unambiguous promise.

50. Plaintiff's reliance was reasonable and foreseeable.

51. As a direct result of Plaintiff's reasonable and foreseeable reliance on Defendant's promise, Plaintiff has been injured in the amount to be proven at trial, plus interest, attorney fees and costs pursuant to the terms of the Programs.

## COUNT VI – ACCOUNTING

52. Plaintiff realleges the allegations in paragraphs 1 through 51 of this Complaint as if set forth here verbatim.

53. By virtue of the above, Plaintiff is entitled to an accounting of all revenue, profits and costs of production generated by Defendants resulting from

their sale of all products related to *The Secret* book, movie and other products contemplated for sale as part of *The Secret*.

WHEREFORE, Plaintiff respectfully requests the following:

a. A judgment on Count One in an amount to be determined by the enlightened conscience of an impartial jury, no less than $250,000.00 together with prejudgment interest and costs;

b. a judgment on Count Two in an amount to be proven at trial in excess of $250,000.00 plus punitive damages;

c. a judgment on Count Three in an amount to be proven at trial in excess of $250,000.00 plus exemplary damages;

d. a judgment on Count Four in an amount to be proven at trial in excess of $250,000.00 plus exemplary damages;

e. a judgment on Count Five in an amount to be proven at trial in excess of $250,000.00 plus attorneys fees;

f. an accounting of all revenues and expenses necessary to determine Plaintiff's entitlement to compensation;

g. a trial by jury; and

h. any other relief the Court deems just and proper.

Dated: May 21, 2008

Respectfully submitted,

Manatt, Phelps & Phillips, LLP
Gerald A. Margolis
Craig S. Rutenberg

Mozley, Finlayson & Loggins LLP
Christopher E. Parker (*admitted pro hac vice*)
Jessica B. Couch (*admitted pro hac vice*)

By: _____
Craig S. Rutenberg
*Attorneys for Plaintiff*
DAN HOLLINGS

41280613.1                        10                    FIRST AMENDED COMPLAINT

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: May 21, 2008

Respectfully submitted,

Manatt, Phelps & Phillips, LLP
Gerald A. Margolis
Craig S. Rutenberg

Mozley, Finlayson & Loggins LLP
Christopher E. Parker (*admitted pro hac vice*)
Jessica B. Couch (*admitted pro hac vice*)

By: _____
Craig S. Rutenberg
*Attorneys for Plaintiff*
DAN HOLLINGS

# PROOF OF SERVICE

I, C.M. Guitian, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11355 West Olympic Boulevard, Los Angeles, California 90064-1614. On May 21, 2008, I served a copy of the within document(s):

**FIRST AMENDED COMPLAINT**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☒ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

*Please see attached service list.*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 21, 2008, at Los Angeles, California.

_____
C.M. Guitian

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41280613.1

PROOF OF SERVICE

## Service List
*Dan Hollings v. Rhonda Byrne, et al.*
U.S. District Court, Central District of California
Case No. CV08-03024 DDP (PJWx)

| | |
|---|---|
| Rhonda Byrne<br>900 Hot Springs Road<br>Santa Barbara, CA  93108 | TS Production, LLC<br>Robert Rainone<br>1339 W. George Street<br>Chicago, IL  60657 |
| The Secret, LLC<br>Registered Agent for The Secret, LLC<br>CT Corporation Systems<br>208 South LaSalle Street, Suite 814<br>Chicago, IL  60604 | Prime Time U.S., Inc.<br>Registered Agent for Prime Time U.S., Inc.<br>CT Corporation Systems<br>208 South LaSalle Street, Suite 814<br>Chicago, IL  60604 |
| TS Production Holdings, LLC<br>Registered Agent for TS Production Holdings, LLC<br>The Corporation Trust Company<br>1209 North Orange Street<br>Wilmington, DE  19801 | TS Merchandising Ltd.<br>Registered Agent for TS Merchandising Ltd.<br>CT Corporation Systems<br>208 South LaSalle Street, Suite 814<br>Chicago, IL  60604 |

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41280613.1

2

PROOF OF SERVICE