ALEXANDRA A. BODNAR (State Bar #185255)
abodnar@ssd.com
SQUIRE, SANDERS & DEMPSEY L.L.P.
555 South Flower Street, Suite 3100
Los Angeles, California  90071
Phone: 213-689-5184
Fax:    213-623-4581

-and-

BRIAN A. CABIANCA (*pro hac vice* application
pending)
bcabianca@ssd.com
CHRISTOPHER I. CEDILLO (*pro hac vice*
application pending)
ccedillo@ssd.com
SQUIRE, SANDERS & DEMPSEY L.L.P.
40 North Central Avenue, Suite 2700
Phoenix, Arizona  85004-4498
Phone: 602-528-4000
Fax:    602-253-8129

Attorneys for Defendants Rhonda Byrne, TS
Production LLC, The Secret LLC, TS Holdings,
LLC, TS Production Holdings LLC, TS
Merchandising Ltd., and Prime Time US Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN HOLLINGS, AN INDIVIDUAL, <br><br>          Plaintiff, <br><br>    vs. <br><br> RHONDA BYRNE, TS PRODUCTION LLC, THE SECRET LLC, TS HOLDINGS, LLC, TS PRODUCTION HOLDINGS LLC, TS MERCHANDISING LTD., AND PRIME TIME US INC., <br><br>          Defendants. | Case No.  08-03024 DDP (PJWx) <br><br> NOTICE OF MOTION AND MOTION TO TRANSFER CASE TO THE NORTHERN DISTRICT OF ILLINOIS <br><br> Date:   July 14, 2008 <br> Time:   10:00 a.m. <br> Place: Courtroom of The Honorable Dean D. Pregerson <br><br> Complaint filed May 21, 2008 |

SQUIRE, SANDERS &
DEMPSEY L.L.P.
Suite 2700
40 North Central Avenue
Phoenix, Arizona 85004-4498

- 1 -

NOTICE OF MOTION TO TRANSFER CASE TO NORTHERN DISTRICT OF ILLINOIS

1    TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

2        PLEASE TAKE NOTICE that on July 14, 2008, at 10:00 A.M., or as soon

3    thereafter as the matter may be heard, in Courtroom No. 3 of the above-entitled

4    court, located at 312 N. Spring Street, Los Angeles, California 90012, defendants

5    Rhonda Byrne, TS Production LLC, The Secret LLC (now named TS RER LLC),

6    TS Holdings, LLC, TS Production Holdings LLC, TS Merchandising Ltd., and

7    Prime Time US Inc. (collectively the "Defendants") shall and do hereby move for

8    an order transferring this case to the Northern District of Illinois.

9        This Motion is based on this Notice of Motion and Motion, the supporting

10   Memorandum of Points and Authorities and Declaration of Christopher I. Cedillo,

11   and any other written or oral argument as may be presented at or before the time

12   this Motion is heard.

13       This Motion is made following the attempted conference of counsel pursuant

14   to L.R. 7-3 which took place on June 9, 2008.

15

16   Dated:  June 9, 2008          SQUIRE, SANDERS & DEMPSEY L.L.P.

17

18                       By: _____

19                          Alexandra A. Bodnar

                         Attorneys for Defendants

20                          Rhonda Byrne, TS Production LLC, The
                         Secret LLC (now named TS RER LLC),

21                          TS Holdings, LLC, TS Production
                         Holdings LLC, TS Merchandising Ltd.,

22                          and Prime Time US Inc.

23

24

25

26

27

28

NOTICE OF MOTION TO TRANSFER CASE TO NORTHERN DISTRICT OF ILLINOIS

## PROOF OF SERVICE

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, 31st Floor, Los Angeles, California 90071-2300. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On June 9, 2008, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document: NOTICE OF MOTION TO TRANSFER CASE TO THE NORTHERN DISTRICT OF ILLINOIS in a sealed envelope, postage fully paid, addressed as follows:

Christopher E. Parker
Jessica B. Couch
Mozley, Finlayson & Loggins LLP
One Premier Plaza, Suite 900
5605 Glenridge Drive
Atlanta, Georgia   30342

Gerald A. Margolis
Craig S. Rutenberg
Manatt, Phelps & Phillips, LLP
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 9, 2008, at Los Angeles, California.

_____
Carmen Chavez

ALEXANDRA A. BODNAR (State Bar #185255)
abodnar@ssd.com
SQUIRE, SANDERS & DEMPSEY L.L.P.
555 South Flower Street, Suite 3100
Los Angeles, California 90071
Phone: 213-689-5184
Fax:    213-623-4581

-and-

BRIAN A. CABIANCA (*pro hac vice* application pending)
bcabianca@ssd.com
CHRISTOPHER I. CEDILLO (*pro hac vice* application pending)
ccedillo@ssd.com
SQUIRE, SANDERS & DEMPSEY L.L.P.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004-4498
Phone: 602-528-4000
Fax:    602-253-8129

Attorneys for Defendants Rhonda Byrne, TS Production LLC, The Secret LLC, TS Holdings, LLC, TS Production Holdings LLC, TS Merchandising Ltd., and Prime Time US Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN HOLLINGS, AN INDIVIDUAL,<br><br>Plaintiff,<br><br>vs.<br><br>RHONDA BYRNE, TS PRODUCTION LLC, THE SECRET LLC, TS HOLDINGS, LLC, TS PRODUCTION HOLDINGS LLC, TS MERCHANDISING LTD., AND PRIME TIME US INC.,<br><br>Defendants. | Case No.  08-03024 DDP (PJWx)<br><br>MOTION TO TRANSFER CASE TO THE NORTHERN DISTRICT OF ILLINOIS<br><br>Date:   July 14, 2008<br>Time:   10:00 a.m.<br>Place:  Courtroom of The Honorable Dean D. Pregerson<br><br>Complaint filed May 21, 2008 |

SQUIRE, SANDERS & DEMPSEY L.L.P.
Suite 2700
40 North Central Avenue
Phoenix, Arizona 85004-4498

MOTION TO TRANSFER CASE TO NORTHERN DISTRICT OF ILLINOIS

1    Defendants Rhonda Byrne, TS Production LLC, The Secret LLC (now

2 named TS RER LLC), TS Holdings, LLC, TS Production Holdings LLC, TS

3 Merchandising Ltd., and Prime Time US Inc. (collectively, the "Defendants"),

4 hereby move this Court to transfer this case under the "first-to-file" rule to the

5 Northern District of Illinois where a directly related and substantially similar case is

6 currently pending.  In support of their motion, the Defendants submit the following

7 Memorandum of Points and Authorities, the Declaration of Christopher I. Cedillo

8 (attached hereto as Exhibit 1) and other exhibits attached hereto.

9                              **BACKGROUND**

10    On November 16, 2007, TS Merchandising Ltd. and TS Production LLC

11 filed a complaint in the Northern District of Illinois, *TS Merchandising Ltd. v.*

12 *Hollings*, No. 07-6518, against Dan Hollings ("Hollings"), his wife Loretta

13 Hollings, and Hollings' company Web Services, LLC.  (N.D. Ill. Compl., attached

14 hereto as Exhibit 2).

15    The complaint describes the plaintiffs' ownership and distribution of a film

16 entitled *The Secret* and its affiliated website at <thesecret.tv>.  (N.D. Ill. Compl. ¶

17 13, 18).  As alleged in the complaint, the plaintiffs' counts arise from Dan Hollings'

18 engagement to provide website management services for *The Secret* website (*id.* at

19 ¶ 18), a subsequent dispute between the parties concerning the terms of Hollings'

20 engagement (*id.* at ¶¶ 23, 35-36, 39-41), including his compensation and activities

21 he was or was not authorized to engage in while working on *The Secret* website (*id.*

22 ¶ 23-38), the eventual termination of Hollings' services (*id.* at ¶ 39-40), and

23 Hollings' subsequent demand for additional compensation (*id.* at ¶ 41).

24    The complaint includes counts for trademark infringement (Count I), unfair

25 competition (Count II-III), trademark dilution (Count IV), cybersquatting (Count

26 V), breach of fiduciary duty (Count VI), and for a declaratory judgment that

27 Hollings has been fully compensated for his work on *The Secret* website (Count

28 VII).

SQUIRE, SANDERS &
DEMPSEY L.L.P.
Suite 2700
40 North Central Avenue
Phoenix, Arizona 85004-4498

- 2 -
MOTION TO TRANSFER CASE TO NORTHERN DISTRICT OF ILLINOIS

1         Notwithstanding the case pending in the Northern District of Illinois, on May

2    8, 2008, Dan Hollings filed a complaint in this Court. On May 21, 2008, before the

3    Defendants filed an answer or responsive pleading to the initial complaint, Hollings

4    filed a First Amended Complaint (the "California case" or "First Amended

5    Compl.," attached hereto as Exhibit 3). The complaint alleges that all of the named

6    defendants are effectively responsible for the ownership and operation of the *The*

7    *Secret* and its website. (First Amended Compl. ¶ 2-5, 9-10). Just as the plaintiffs in

8    the pending N.D. Illinois action alleged, Hollings' complaint alleges that he was

9    engaged to perform website management services for the *The Secret* website. (*Id.*

10   at ¶ 11-13, 17-18). Importantly, Hollings also alleges that the Defendants have

11   failed to pay Hollings what he was allegedly owed. (*Id.* at ¶ 23). Each of Hollings'

12   counts arises directly from this engagement to perform website management

13   services on behalf of *The Secret*, and from his claim to additional compensation.

14   *See* Count I – Breach of Contract, *id.* at ¶ 26 ("Defendants' failure to pay . . .

15   constitutes a breach of the contract between the parties."); Count II – Fraudulent

16   Inducement, *id.* at ¶ 31 ("Defendants' representations were false and Defendants . .

17   . were well aware that they would not pay Plaintiff [that] which they had

18   fraudulently promised."); Count III – Unjust Enrichment, *id.* at ¶ 37 ("Plaintiff has

19   performed services for Defendant [sic] for which Defendant [sic] has failed to

20   compensate Plaintiff . . . ."); Count IV – Unfair Competition, *id.* at ¶ 43

21   ("Defendants have committed . . . an unlawful, unfair or fraudulent business

22   practice . . . ."); Count V – Promissory Estoppel, *id.* at ¶ 48 ("Defendants made a

23   promise to Plaintiff that they would pay him . . . for his work . . . ."); Count VI –

24   Accounting, *id.* at ¶ 53 ("By virtue of the above [allegations], Plaintiff is entitled to

25   an accounting . . . .").

26        On February 6, 2008, Hollings and the other defendants in the N.D. Illinois

27   case moved to dismiss the case for lack of personal jurisdiction. Their motion is

28   pending before that court.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
Suite 2700
40 North Central Avenue
Phoenix, Arizona 85004-4498

MOTION TO TRANSFER CASE TO NORTHERN DISTRICT OF ILLINOIS

## ARGUMENT

### I.  THIS CASE SHOULD BE TRANSFERRED UNDER THE FIRST-TO-FILE RULE,

The complaint filed by Hollings in the Central District of California should be transferred to the Northern District of Illinois under the "first-to-file" rule.

Under that rule, where a complaint involving the same parties and the same issues has already been filed in another federal district, the court presiding over the later-filed suit may transfer, stay or dismiss that suit. *Pacesetting Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). The rule provides that "the court in which the first suit was filed should generally proceed to judgment." *In re Burley*, 738 F.2d 981, 988 (9th 1984) (approving decision of court in first-filed suit to proceed with case even after learning of later-filed suit). The purpose of the rule is "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of other courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Panasonic Corp. v. Patriot Scientific Corp.*, No. 05-4844, 2006 U.S. Dist. LEXIS 15758, at *2 (N.D. Cal. Mar. 16, 2006) (granting motion to stay proceedings in later-filed suit pending outcome of first-filed suit). Because of these important principles, "the rule should not be disregarded lightly." *Id.* at *1.

Applying the first-to-file rule, a court looks to three threshold factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. *See id* at *9. The parties and issues in the two actions in question do not have to be identical; rather, they need only be substantially similar in order to justify transfer of the later-filed suit. *See, e.g., Nova Wines, Inc. v. Adler Fels Winery*, No. 06-6149, 2007 U.S. Dist. LEXIS 14910, at *8 (N.D. Cal. Mar. 2, 2007) (granting motion to stay claims in later-filed suit with non-identical parties and issues).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
Suite 2700
40 North Central Avenue
Phoenix, Arizona 85004-4498

MOTION TO TRANSFER CASE TO NORTHERN DISTRICT OF ILLINOIS

## II.  All Factors Favor Transferring This Case to the Northern District of Illinois.

### A.  The N.D. Illinois Case Was Filed First.

It in undisputed that the N.D. Illinois case was filed on November 16, 2007, before the California case was filed on May 8, 2008.  Furthermore the chronologies of the allegations in each complaint are generally consistent and based on the same general time frames.  Therefore, the chronology factor favors transfer.

### B.  The Parties in the Two Actions Are Similar.

The parties in the N.D. Illinois case and this one are not identical, but they do not have to be.  *See L. Cohen Group v. Herman Miller, Inc.*, No. 05-4476, 2006 U.S. Dist. LEXIS 2301, at *5-7 (N.D. Cal. Jan. 19, 2006) (ordering transfer to the Northern District of Illinois even though first-filed suit named defendant *and* its president, who was not a named plaintiff in later-filed suit).  Here, the two plaintiffs in the N.D. Illinois case – TS Merchandising Ltd. and TS Production LLC – have been named as defendants in the California case.  In addition, Hollings has also named as California defendants other persons and entities who, by his own allegations, work with TS Merchandising Ltd. and TS Production LLC in the ownership of *The Secret* and operation of its website.  (*See* First Amended Compl. ¶¶ 2-5).

Hollings, the sole plaintiff in the California case, is a named defendant in the N.D. Illinois case.  A second defendant in that case is Hollings' wife, who was named only to the extent that she has an interest in the marital community with her husband.  (*See* N.D. Ill. Compl. ¶ 4).  The final defendant, Web Services, LLC, is merely the limited liability company – whose sole member is Hollings – which was eventually paid for the services Hollings provided.  (*Id.* at ¶ 5, 34).

These additional plaintiffs and defendants are sufficiently similar to the named parties in each case to justify transfer.  Although the parties are not identical, their alleged conduct in the present action is inherently intertwined with the issues

MOTION TO TRANSFER CASE TO NORTHERN DISTRICT OF ILLINOIS

1    in the N.D. Illinois case.  Specifically, the N.D. Illinois case will necessarily

2    determine who exactly were the parties to the engagement of Hollings (and his

3    company) to provide services on behalf of *The Secret*.  Therefore, that case would

4    be dispositive of who might be liable for the claims asserted by Hollings in the

5    present case.  *See Nova Wines,* 2007 U.S. Dist. LEXIS 14910, at *9-10

6    (adjudication of defendant's rights in first-filed case would determine rights of new

7    plaintiff in later-filed case, and therefore justified stay of later-filed case).

8    Accordingly, this Court should exercise its discretion to transfer this case to the

9    district where the prior case was filed.

10       **C.    The Issues in the Two Actions Are Essentially Identical.**

11       It is indisputable that the first-filed N.D. Illinois action and this case involve

12    the terms and circumstances of Hollings' engagement to provide website

13    management services for *The Secret*.  In fact, Hollings' entire suit rests on his claim

14    that the Defendants breached a duty to him, contractually or tortiously, to pay him

15    for his services.  (*See* First Amended Compl.).  Conversely, the N.D. Illinois

16    plaintiffs have sought a declaratory judgment that Hollings has been fully

17    compensated for his services.  (*See* N.D. Ill. Compl., Count VI).  In addition, those

18    plaintiffs have also alleged that Hollings abused his position with *The Secret* for

19    personal gain, which is also necessarily related to the terms and circumstances of

20    his engagement, and would be, at a minimum, an offset to any compensation that

21    Hollings claims to be owed.  (*See id.*, Counts I-VI).  Therefore, to the extent that

22    counts in each case rely on a dispute arising from those terms and circumstances,

23    the issues are "substantially similar," and this factor favors transfer.  *See L. Cohen*

24    *Group*, 2006 U.S. Dist. LEXIS 2301, at *8-9 (where first-filed complaint alleged

25    trademark infringement and later-filed complaint sought declaratory judgment of

26    non-infringement, the "complaints completely overlap[ped]" and favored transfer).

27       It is irrelevant that the N.D. Illinois case contains claims based on the

28    plaintiffs' assertion of certain intellectual property rights against Hollings, while the

SQUIRE, SANDERS &
DEMPSEY L.L.P.
Suite 2700
40 North Central Avenue
Phoenix, Arizona 85004-4498

- 6 -
MOTION TO TRANSFER CASE TO NORTHERN DISTRICT OF ILLINOIS

1    case pending before this Court does not address those issues.  Rather, the question

2    is whether all the issues in the present case, i.e., the later-filed complaint, are

3    anticipated by the lawsuit filed in the N.D. Illinois.  *See id* at *9 ("Regardless of the

4    claims for patent infringement [contained in the earlier-filed lawsuit], every issue in

5    Luxuychair.com's complaint [not containing patent infringement-related claims] is

6    anticipated by the earlier-filed lawsuit.").  As described above, the N.D. Illinois

7    complaint seeks a declaratory judgment that Hollings has been "fully and

8    adequately compensated . . . for the value of his services" and that he is "entitled to

9    no further compensation based on any obligation contractual or otherwise, for any

10   and all services he performed for *The Secret* during his engagement."  (N.D. Ill.

11   Compl. ¶ 76).  The N.D. Illinois case thus necessarily covers all of the issues in

12   Hollings' complaint in this Court, all of which center on the terms and

13   circumstances of his engagement and the alleged failure of the Defendants to

14   sufficiently compensate him for his work.   If the N.D. Illinois court grants the

15   declaratory judgment the plaintiffs seek, Hollings' claims have no merit.

16        Accordingly, the issues between the two cases are sufficiently similar and

17   favor transfer of this case.

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

SQUIRE, SANDERS &
DEMPSEY L.L.P.
Suite 2700
40 North Central Avenue
Phoenix, Arizona 85004-4498

- 7 -
MOTION TO TRANSFER CASE TO NORTHERN DISTRICT OF ILLINOIS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CONCLUSION**

In light of the foregoing, Defendants Rhonda Byrne, TS Production LLC, The Secret LLC, TS Holdings, LLC, TS Production Holdings LLC, TS Merchandising Ltd., and Prime Time US Inc., respectfully request that this case be transferred to the Northern District of Illinois, where a substantially similar case, *TS Merchandising, Ltd. v. Hollings*, No. 07-6518, has been pending since November 16, 2007.  In the alternative, the Defendants respectfully request that this Court stay these proceedings pending resolution of the motion to dismiss presently pending in that case.

Dated:  June 9, 2008

Squire, Sanders & Dempsey L.L.P.

By: _____
Alexandra A. Bodnar
Attorneys for Defendants
Rhonda Byrne, TS Production LLC, The Secret LLC (now named TS RER LLC), TS Holdings, LLC, TS Production Holdings LLC, TS Merchandising Ltd., and Prime Time US Inc.

- 8 -

MOTION TO TRANSFER CASE TO NORTHERN DISTRICT OF ILLINOIS

EXHIBIT 1

1

## DECLARATION OF CHRISTOPHER I. CEDILLO

2      I, Christopher I. Cedillo, declare as follows:

3      1.      I am an adult over the age of 18 and am counsel to the Defendants

4  Rhonda Byrne, TS Production LLC, The Secret LLC (now named TS RER LLC),

5  TS Holdings, LLC, TS Production Holdings LLC, TS Merchandising Ltd., and

6  Prime Time US Inc.  I have personal knowledge of the facts contained in this

7  declaration and, if called to testify, could and would competently testify thereto.

8      2.      Exhibit 2 attached to the Motion to Transfer This Case to the Northern

9  District of Illinois is a true and correct copy of the Complaint filed in *TS*

10 *Merchandising Ltd. v. Hollings*, No. 07 C 6518, pending in the Northern District of

11 Illinois.

12     3.      Exhibit 3 attached to the Motion to Transfer This Case to the Northern

13 District of Illinois is a true and correct copy of the First Amended Complaint filed

14 in this case *Hollings v. Byrne*, No. 08-03024, pending in the Central District of

15 California.

16     I declare under penalty of perjury of the laws of the State of California that

17 the foregoing is true and correct.

18     Executed on the 9th day of June, 2008 in Phoenix, Arizona.

19

20

21     Christopher I. Cedillo

22

23

24

25

26

27

28

SQUIRE, SANDERS &
DEMPSEY, L.L.P.
Suite 2700
40 North Central Avenue
Phoenix, Arizona 85004-4498

Exhibit 1
-10-
9

MOTION TO TRANSFER CASE TO NORTHERN DISTRICT OF ILLINOIS

EXHIBIT 2

1   Christopher I. Cedillo (Illinois Bar No. 6274683)
            ccedillo@ssd.com
2   Squire, Sanders & Dempsey LLP
3   Three First National Plaza
    70 W. Madison, Suite 2015
4   Chicago, IL 60602
    Telephone: (312) 781-1123
5
6   Brian A. Cabianca (Arizona Bar No.016410) (*pro hac vice* to be filed)
            bcabianca@ssd.com
7   Teresita T. Mercado (Arizona Bar No. 020578) (*pro hac vice* to be filed)
            tmercado@ssd.com
8   Squire, Sanders & Dempsey LLP
9   Two Renaissance Square
    40 North Central Avenue, Suite 2700
10  Phoenix, Arizona 85004-4498
    Telephone: (602) 528-4000
11  Facsimile: (602) 253-8129
12
13  Attorneys for Plaintiffs TS Production LLC and TS Merchandising Ltd.

14              **IN THE UNITED STATES DISTRICT COURT**

15     **FOR THE NORTHERN DISTRICT OF ILLINOIS (EASTERN DIVISION)**

16  TS Merchandising Ltd., a British Virgin Islands      Case No.
17  corporation, and TS Production LLC, a Hungarian
    limited liability company,                           **COMPLAINT**
18
19                  Plaintiffs,

20          vs.

21  Dan and Loretta Hollings, Arizona residents, and
22  Web Services, LLC, an Arizona limited liability
    company,
23
                    Defendants.
24
25      Plaintiffs TS Merchandising Ltd and TS Production LLC, for their complaint against
26  defendants Dan and Loretta Hollings and Web Services LLC, allege as follows:
27
28

Exhibit 2    *10*
-11-

**THE PARTIES**

1.     Plaintiff TS Merchandising Ltd ("TS Merchandising") is a British Virgin Islands corporation with its principal place of business in Chicago, Illinois.

2.     Plaintiff TS Production LLC ("TS Production") is a Hungarian limited liability corporation that does business in Illinois.

3.     Defendant Dan Hollings ("Hollings") is an Arizona resident. At all times material hereto, Hollings, who is married to defendant Loretta Hollings, was acting on behalf of their marital community.

4.     Defendant Loretta Hollings is an Arizona resident and is a named defendant only to the extent that she has an interest in the marital community.

5.     Defendant Web Services, LLC ("Web Services") is an Arizona limited liability company whose sole member is Hollings.

**JURISDICTION AND VENUE**

6.     TS Production holds the intellectual property rights for *The Secret*, which is a film that has been viewed by millions around the world and has also been released as a book with more than seven million copies in print. TS Production has an operating subsidiary, Prime Time US Inc. ("Prime Time") that conducts U.S.-based business operations relating to *The Secret* out of Chicago, Illinois and has employees located in Chicago, Illinois.

7.     TS Merchandising operates *The Secret* website out of its principal place of business in Chicago, Illinois. Hollings was engaged to perform website consulting services for *The Secret* website in or around September 2005 through February 2007.

8.     In the course of his 17-month engagement, Hollings continuously interacted and communicated with TS Merchandising and Prime Time employees located in Chicago, Illinois to discuss *The Secret* website and related issues. For example, Hollings traveled to Chicago, Illinois in December 2006 to meet with TS Merchandising and Prime Time employees to discuss website operations. Hollings also frequently participated in telephone and e-mail communications with TS Merchandising and Prime Time representatives located in Chicago, Illinois.

Exhibit 2
-12-

*11*

9.    Hollings also sent invoices for his work on *The Secret* website to TS Merchandising in Chicago, Illinois, and he received compensation from funds transferred from bank accounts located in Chicago, Illinois.

10.    A substantial part of the acts and events giving rise to the claims set forth herein took place fully, or in substantial part, in Chicago, Illinois.

11.    Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 1332. Venue is proper pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

### *The Secret*

12.    *The Secret* is a film that has been viewed by millions around the world and has also been released as a book with more than seven million copies in print. *The Secret* explains with simplicity the philosophy of the law that governs all lives and offers the knowledge of how to create a joyful life.

13.    TS Production holds the intellectual property rights to *The Secret* book and movie, including trademark rights and copyrights. TS Production has invested extensively in promoting the marks for *The Secret* and protects its investment.

14.    TS Production holds U.S Copyright Registrations for *The Secret* original and extended edition films, book, audio CD and www.thesecret.tv website.

15.    TS Production is the owner of U.S. Trademark Registration No. 3,312,874, Australian Trademark Registration No. 1067375, and International Trademark Registration No. 900573 for, and has common law rights in, the text mark for *The Secret*.

16.    TS Production is also the owner of U.S. Trademark Application No. 79/032, Australian Trademark Registration No. 1079591, and International Trademark Registration No. 908662 for, and has common law rights in, the logo mark for *The Secret*.

17.    TS Production also has trademark applications pending under the Madrid Protocol in Brazil, Argentina, Canada, Mexico, Israel, South Africa, and Taiwan, and has received Certificates of Registration under the Madrid Protocol for *The Secret* text mark and logo mark in China, the European Community, Norway, and Switzerland.

Exhibit 2
-13-

12

1    **Dan Hollings' Engagement and Marketing Role with *The Secret.***

2        18.    In or around September 2005, Hollings was engaged to perform website

3    management services for *The Secret*.  TS Merchandising operates *The Secret* website and paid

4    for Hollings' services.

5        19.    Prior to his engagement, Hollings had no previous knowledge of or involvement

6    with the philosophy set forth in *The Secret*, called the Law of Attraction, and his knowledge of

7    the philosophy and *The Secret* is based solely through his engagement by TS Merchandising.

8        20.    Before Hollings was even engaged, *The Secret's* marketing campaign strategy had

9    already been created by a team of professionals.

10       21.    Much of the tremendous success of *The Secret* resulted from appearances on

11   national programs such as "Larry King Live" in November 2006, "The Ellen Degeneres Show"

12   in December 2006, and "The Oprah Winfrey Show" in February 2007.

13       22.    Hollings did not participate in any non-website-based marketing for *The Secret*.

14   His role was limited to a website project manager, retained to assist with website development

15   and search engine optimization.

16       **Hollings Begins to Surreptitiously Profit From *The Secret.***

17       ***Hollings Receives Undisclosed Vendor Commissions Since March 2006.***

18       23.    As part of his engagement, Hollings was responsible for identifying vendor

19   services relating to *The Secret* website and providing vendor recommendations to TS

20   Merchandising.  In this capacity, Hollings owed TS Merchandising the fiduciary duties of loyalty

21   and due care that an agent owes to its principal.

22       24.    Upon information and belief, Hollings negotiated and received an undisclosed 5%

23   side-commission from a vendor that he recommended to TS Merchandising.  Upon information

24   and belief, this commission was a referral fee for procuring TS Merchandising as a customer for

25   the vendor and is based on the amounts paid by TS Merchandising to the vendor.

26       25.    Upon information and belief, Hollings has received at least $42,304.18 in

27   undisclosed vendor payments from March to October 2006 and January to February 2007, and

28   Hollings continues to receive side-payments from this vendor.

Exhibit 2

-14-

*13*

26.    Hollings' focus on himself at the expense of *The Secret* and his failure to disclose his side efforts related to *The Secret* is not in line with – and therefore working against – the philosophy of *The Secret*.

**Hollings Markets His Products As Affiliated With The Secret.**

27.    Sometime in or around December 2006 – and after he had been pushing TS to enter into an agreement with Amazon.com to sell *The Secret* products online – Hollings independently released at least two CDs on Amazon.com that were titled "The Secret Symphony" and "Journey to The Secret: Stone, Strings & Udu." Hollings' products were immediately bundled, upon information and belief, at Hollings' request, with *The Secret* DVD.

28.    Upon information and belief, Hollings also personally wrote a "review" for "The Secret Symphony," calling it the "Secret Combination-set." Based on the information to which he had access in the course of his engagement, Hollings was aware that the soundtrack from *The Secret* movie was not then being released.

29.    Hollings is experienced in Internet search optimization and has knowledge of search engine tagging methods to bring up his products in a search for *The Secret* on the Internet and, in particular, on Amazon.com.

30.    Although Hollings has agreed to change the titles of his CD products and to delete references to *The Secret* pertaining to the products, these and other references related to *The Secret* remain to this day and appear when conducting searches on the Internet.

31.    Upon information and belief, Hollings is still taking active steps to continue to create this confusion.

**Hollings Seeks to Capitalize on *The Secret* Trademarks.**

32.    As part of his engagement, Hollings was responsible for registering, obtaining and monitoring domain names, URLs and/or website addresses related to *The Secret*. In this capacity, Hollings owed TS Merchandising the fiduciary duties of loyalty and due care that an agent owes to its principal.

33.    Upon information and belief, Hollings began to collect such URLs, domain names and website addresses relating to *The Secret* for his own personal use, seeking to capitalize on

Exhibit 2
-15-

1  the fame of *The Secret* trademarks and the goodwill associated therewith. For example, Hollings
2  registered the domain name know-more-secrets.com on or about March 4, 2007.
3      34.    Upon information and belief Hollings owns, possesses and/or controls other
4  websites relating to *The Secret*, either in his own name or that of his company, Web Services.

5                    **Hollings Inflates His Role with *The Secret*.**

6      35.    Sometime in February 2007, TS Merchandising and TS Production discovered
7  that Hollings had affiliated himself with a Law of Attraction event, marketing himself as the
8  "sole strategist" behind *The Secret*.

9      36.    Hollings has marketed, and is continuing to market, himself throughout the
10  Internet as: the "*founder*," "*sole internet marketing strategist and web consultant*," "*marketing
11  strategist and developer*," and "*mastermind who planned and implemented the record shattering
12  online marketing campaign*" of *The Secret*.

13      37.    Hollings has also created a website with deceptively similarly marks as *The Secret*
14  and provides a link to purchase *The Secret* on Amazon.com. A true and correct printout of the
15  home page of know-more-secrets.com is attached hereto as **Exhibit A.**

16      38.    Hollings' conduct has damaged *The Secret*, TS Merchandising, TS Production
17  irreparably and in an amount to be determined at trial, but exceeding the jurisdictional minimum
18  amount of this Court for diversity jurisdiction.

19                    **Hollings Demands Further Compensation.**

20      39.    Hollings' engagement was terminated as of February 28, 2007.

21      40.    From October 2005 through February 2007, Hollings was paid $8,000 per month,
22  as well as a $50,000 advance in October 2006, and a holiday bonus of $8,000, for a total of
23  $194,000 for 17 months of service.

24      41.    Since his termination, Hollings has demanded further compensation for his
25  website management services, based on an alleged compensation agreement with TS
26  Merchandising.

27
28

Exhibit 2
-16-

15

**FIRST CLAIM FOR RELIEF**

**Trademark Infringement**
**(15 U.S.C. § 1114)**

42.     TS Production and TS Merchandising reallege and incorporate by reference the allegations above as if fully set forth herein.

43.     TS Production owns International Trademark Registrations for *The Secret*.

44.     Registration for such marks is incontestable in accordance with the provisions of 15 U.S.C. § 1065.  It is conclusive proof of: (a) the validity of the marks; (b) TS Production's ownership of the marks; and (c) TS Productions exclusive right to use the marks throughout the United States.

45.     Hollings and, upon information and belief, Web Services' bad-faith operation and use of URLs, domain names and website addresses such as www.know-more-secrets.com and postings on other Internet websites, such as Amazon.com, on which Hollings claims to be the sole marketing strategist for *The Secret*, and on which defendants' sell, offer for sale, advertise and distribute products or services under marks that are at a minimum confusingly similar to those of *The Secret*, are likely to cause confusion, mistake or deception as to the source of the websites' services and/or affiliation with *The Secret*, and thereby constitute trademark infringement in violation of § 43 of the United States Trademark Act of 1946, as amended, 15 U.S.C. §1114 *et. seq.*

46.     The aforesaid willful actions of Hollings and, upon information and belief, Web Services have caused and, unless enjoined, will continue to cause damage and irreparable injury to *The Secret*, for which there is no adequate remedy at law.

47.     In addition to the irreparable injury described herein, as a direct and proximate result of the conduct described herein, TS Production and TS Merchandising have sustained, and will continue to sustain, actual and/or consequential damages which exceed the jurisdictional minimum amount of the Court for diversity jurisdiction, and for which TS Production and TS Merchandising are entitled to recover such damages in an amount to be determined at trial.

Exhibit 2
-17-

16

## SECOND CLAIM FOR RELIEF

### Unfair Competition, False Designation of Origin, False Advertising and Descriptions (15 U.S.C. § 1125(a))

48.     TS Production and TS Merchandising reallege and incorporate by reference the allegations above as if fully set forth herein.

49.     Hollings' and, upon information and belief, Web Services' bad-faith operation and use of URLs, domain names, and website addresses such as www.know-more-secrets.com and postings on other Internet websites, such as Amazon.com, on which Hollings claims to be the sole marketing strategist for *The Secret*, and on which defendants' sell, offer for sale, advertise and distribute products or services under marks that are at a minimum confusingly similar to those of *The Secret*, constitute unfair competition, false designation of origin, false advertising, or misleading descriptions of fact that wrongly and falsely designate the services and/or products sold by Hollings as originating with, or as being sponsored by, approved of, or otherwise connected with *The Secret*, which deception has or will likely influence consumer purchasing decisions, in violation of the Lanham Act, 15 U.S.C. § 1125(a).

50.     The aforesaid willful actions of Hollings and, upon information and belief, Web Services have caused and, unless enjoined, will continue to cause damage and irreparable injury to *The Secret*, by diversion of sales and/or lessening of goodwill associated with *The Secret* products, for which there is no adequate remedy at law.

51.     In addition to the irreparable injury described herein, as a direct and proximate result of the conduct described herein, TS Merchandising and TS Production have sustained, and will continue to sustain, actual and/or consequential damages which exceed the jurisdictional minimum amount of the Court for diversity jurisdiction, and for which TS Merchandising and TS Production are entitled to recover such damages in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF

### Common Law Unfair Competition

52.     TS Merchandising and TS Production reallege and incorporate by reference the allegations above as if fully set forth herein.

Exhibit 2
-18-

1         53.    Hollings' and, upon information and belief, Web Services' bad-faith operation

2    and use of URLs, domain names, and website addresses such as www.know-more-secrets.com

3    and postings on other Internet websites, such as Amazon.com, on which Hollings claims to be

4    the sole marketing strategist for *The Secret*, and on which defendants' sell, offer for sale,

5    advertise and distribute products or services under marks that are at a minimum confusingly

6    similar to those of *The Secret*, constitute unfair competition under the common law of various

7    states, including Illinois and Arizona.

8         54.    The aforesaid willful actions of Hollings and, upon information and belief, Web

9    Services, have caused and, unless enjoined, will continue to cause damage and irreparable injury

10    to *The Secret*, by diversion of sales and/or lessening of goodwill associated with *The Secret*

11    products, for which there is no adequate remedy at law.

12         55.    In addition to the irreparable injury described herein, as a direct and proximate

13    result of the conduct described herein, TS Merchandising and TS Production have sustained, and

14    will continue to sustain, actual and/or consequential damages which exceed the jurisdictional

15    minimum amount of the Court for diversity jurisdiction, and for which TS Merchandising and

16    TS Production are entitled to recover such damages in an amount to be determined at trial.

17    **FOURTH CLAIM FOR RELIEF**

18    **Trademark Dilution**
19    **(15 U.S.C. § 1125(c))**

20         56.    TS Merchandising and TS Production reallege and incorporate by reference the

21    allegations above as if fully set forth herein.

22         57.    Hollings and, upon information and belief, Web Services, by wrongfully using

23    *The Secret*'s family of trademarks in commerce, is tarnishing, blurring, diluting and disparaging

24    *The Secret*'s reputation, goodwill and trademarks in local, interstate and international commerce.

25         58.    Hollings' and, upon information and belief, Web Services' acts are likely to

26    deprive TS Production of the benefits attached to *The Secret* family of trademarks, injure *The*

27    *Secret*'s business reputation and dilute the distinctive quality of *The Secret*'s well-known

28

Exhibit 2
-19-

18

1  trademarks in violation of Section 43(c) of the United States Trademark Act of 1946, as

2  amended, 15 U.S.C. § 1125(c).

3        59.     The aforesaid willful actions of Hollings and, upon information and belief, Web

4  Services, have caused and, unless enjoined, will continue to cause damage and irreparable injury

5  to *The Secret*, by diversion of sales and/or lessening of goodwill associated with *The Secret*

6  products, for which there is no adequate remedy at law.

7        60.     In addition to the irreparable injury described herein, as a direct and proximate

8  result of the conduct described herein, TS Production has sustained, and will continue to sustain,

9  actual and/or consequential damages which exceed the jurisdictional minimum amount of the

10  Court for diversity jurisdiction, and for which TS Production is entitled to recover such damages

11  in an amount to be determined at trial.

12                      **FIFTH CLAIM FOR RELIEF**

13        **Violation of the Anticybersquatting Consumer Protection Act**
14                    **(15 U.S.C. § 1125(d))**

15        61.     TS Merchandising and TS Production reallege and incorporate by reference the

16  allegations above as if fully set forth herein.

17        62.     Hollings' and, upon information and belief, Web Services' bad-faith registration

18  of URLs, domain names and website addresses, which are at a minimum confusingly similar to

19  *The Secret*'s registered and common law trademarks, in addition to the unauthorized use of *The*

20  *Secret*'s family of trademarks on various websites owned, controlled, possessed and/or registered

21  by defendants, constitute violations of the Anticybersquatting Consumer Protection Act.

22        63.     The aforesaid willful actions of Hollings and, upon information and belief, Web

23  Services have caused and, unless enjoined, will continue to cause damage and irreparable injury

24  to *The Secret*, for which there is no adequate remedy at law.

25        64.     In addition to the irreparable injury described herein, as a direct and proximate

26  result of the conduct described herein, TS Merchandising and TS Production have sustained, and

27  will continue to sustain, actual and/or consequential damages which exceed the jurisdictional

28

Exhibit 2
-20-

*19*

1  minimum amount of the Court for diversity jurisdiction, and for which TS Merchandising and

2  TS Production are entitled to recover such damages in an amount to be determined at trial.

3  ### SIXTH CLAIM FOR RELIEF

4  **Breach of Fiduciary Duty**

5  65.    TS Merchandising and TS Production reallege and incorporate by reference the

6  allegations above as if fully set forth herein.

7  66.    A fiduciary relationship existed between Hollings and TS Merchandising based

8  on Hollings' status as a consultant for *The Secret* website, in which capacity he often acted as an

9  agent for TS Merchandising.

10  67.    As a fiduciary, Hollings owes TS Merchandising a fiduciary duty of loyalty and

11  fiduciary duty of care to act in the best interests of the company.

12  68.    Hollings breached his duties to TS Merchandising by, among other things, the

13  acts described above, including, but not limited to, his negotiation and receipt of an undisclosed

14  5% commission from a vendor of TS Merchandising that was recommended by Hollings.

15  69.    The wrongful acts described above have proximately injured and impaired, and

16  continue to proximately injure and impair, TS Merchandising.

17  70.    As a direct and proximate result of Hollings' various breaches of his fiduciary

18  duties, TS Merchandising sustained, and continues to sustain, immediate and irreparable harm

19  and injury including, but not limited to, losses in revenues, loss of profits, loss of goodwill, loss

20  of business relations with existing and future business prospects, and loss of competitive

21  business advantage, opportunity and/or expectancy.

22  71.    There is a substantial risk that Hollings will continue to irreparably injure TS

23  Merchandising, for which TS Merchandising has no adequate remedy at law, unless he is

24  enjoined therefrom.

25  72.    In addition to the irreparable injury described herein, as a direct and proximate

26  result of the conduct described herein, TS Merchandising has sustained, and will continue to

27  sustain, actual and/or consequential damages which exceed the jurisdictional minimum amount

28

Exhibit 2
-21-

20

1    of the Court for diversity jurisdiction, and for which TS Merchandising is entitled to recover

2    such damages in an amount to be determined at trial.

3                            **SEVENTH CLAIM FOR RELIEF**

4                                **Declaratory Relief**

5         73.    TS Merchandising and TS Production reallege and incorporate by reference the

6    allegations above as if fully set forth herein.

7         74.    There exists a justiciable dispute concerning the rights and obligations of Hollings

8    to further compensation from TS Merchandising for his work on *The Secret* website from

9    October 2005 through February 2007.

10        75.    In taking his positions and other actions, Hollings is interfering with the

11   operations of *The Secret*.

12        76.    Pursuant to Fed. R. Civ. P. 57, TS Merchandising seeks a declaration from this

13   Court that: (i) TS Merchandising fully and adequately compensated Hollings in the amount of

14   $194,000 for the value of his services through February 2007; and (ii) Hollings is entitled to no

15   further compensation based on any obligation, contractual or otherwise, for any and all services

16   that he performed for *The Secret* during his engagement.

17        **WHEREFORE**, TS Production LLC and TS Merchandising Ltd. request that judgment

18   be entered in their favor, and against defendants, as follows:

19        A.     That defendants be ordered to transfer any and all registrations for domain names,

20   URLs and/or website addresses to TS Merchandising;

21        B.     That defendants be directed to account and pay to TS Merchandising and TS

22   Production all damages suffered by each of them as a result of the wrongful conduct described

23   herein, including violations of the Lanham Act, Trademark Act, Anticybersquatting Protection

24   Act, state statutes and common law, as well as to account for all gains, profits and advantages

25   derived by any such wrongful conduct;

26        C.     That such damages caused by defendants be trebled in accordance with 15 U.S.C.

27   § 1117 because their infringement of *The Secret* marks is intentional, willful, and malicious, and

28

Exhibit 2
-22-

21

1  therefore warrants enhanced damages and/or punitive damages as the Court may find

2  appropriate;

3       D.      For an order preliminarily and permanently enjoining defendants from the

4  unlawful conduct complained of herein, or, in the alternative, for damages in an amount to be

5  proven at trial;

6       E.      For an award of all of plaintiffs' costs and expenses incurred in connection with

7  the action, including all reasonable attorneys' fees, pursuant to the federal and state statutory

8  authority identified herein;

9       F.      For pre-judgment and post-judgment interest at the maximum rate allowed by

10  law; and

11       G.      For such other relief as may be deemed appropriate by the Court.

12       **RESPECTFULLY SUBMITTED** this 16th day of November, 2007.

13

14                                        /s/ Christopher I. Cedillo
                                      Christopher I. Cedillo
15                                      Squire, Sanders & Dempsey LLP
                                      70 W. Madison, Suite 2015
16                                      Chicago, IL 60602
17                                      -and-
                                      Brian A. Cabianca (*pro hac vice* to be filed)
18                                      Teresita T. Mercado (*pro hac vice* to be filed)
                                      Squire, Sanders & Dempsey L.L.P.
19                                      40 North Central Avenue, Suite 2700
                                      Phoenix, Arizona  85004-4498
20

21                                      *Attorneys for Plaintiffs TS Production LLC*
                                      *and TS Merchandising Ltd.*
22

23

24

25

26

27

28

Exhibit 2
-23-
22

FILED
NOVEMBER 16, 20

07 C 6518

# EXHIBIT A

Exhibit 2
-24-    23

Case 1:08-cv-04369    Document 15-2    Filed 06/09/2008    Page 26 of 47

Know More Secrets ::: Not affiliated with "The Secret" movie, The Secret LLC, TS Merchandising Ltd or TS Production LLC    Page 1 of 6

**Know More Secrets**

Not affiliated with

"The Secret" movie, The Secret LLC, TS Merchandising Ltd, TS Production LLC, Prime Time Productions, TheSecret.tv,
or any entity owned or controlled by Rhonda Byrne, Bob Rainone or Don Zyck.



Share this page with others...

Exhibit 2
-25-

## What Lies Behind The Secret?

Questions are stirring the imagination of reporters, talk show hosts, internet marketers, and not surprisingly millions of passionate "Secret" lovers. If you're not yet familiar, it's the controversial self-help movie (and best selling book) by Rhonda Byrne that everyone including Oprah Winfrey, Larry King, Ellen Degeneres and countless other media moguls, magazines, web sites, and newspapers are talking about.

Now in a turn of events not unlike The Da Vinci code itself, the very person that built "The Secret" site and launched the extraordinary "Secret" internet marketing strategy, Dan Hollings, is engaging the public and the media in a survey of epic proportions.

**"Your wish is my command"**

### TAKE DAN HOLLINGS' SURVEY

Pulling a line directly from the movie, Mr Hollings states, "Your wish is my command," as he contemplates what people might want to know from the internet guy behind "The Secret?"

**Well first, let's make sure everyone is clear on what "The Secret" is about.**

In a nutshell, it's the "Law of Attraction" or the philosophy that *like attracts like; you attract into your life whatever you think about* (positive or negative); or *your thoughts determine your destiny*. But, that's the obvious question. There are countless teachers that can carry you as deep as you might desire to go into this philosophy; some are in *"The Secret"* movie, others edited out, and some overlooked.

All of this is the topic of countless ongoing discussions, and with everything unfolding faster than Google can spider it, one can only imagine where this might lead.

**Do you start with:**

- Oprah
- Newsweek
- perhaps the curious article in the NY Times
- Self-help gurus take plagiarism battle to court
- Mum on pension the biggest secret
- or Enjoy a discussion ?

**If that's what's on the surface, what lies behind "The Secret?"**

This is where many inquiring minds are now focusing their attention, and rightfully so. The movie was first conceived as a television release, to air worldwide all on the same day. It was intended or so presented by the makers as a "gift to the world." Of course, traffic would be directed to *The Secret* web

Case 1:08-cv-04369    Document 15-2    Filed 06/09/2008    Page 28 of 47

Know More Secrets ::: Not affiliated with "The Secret" movie, The Secret LLC, TS Merchandising Ltd or TS Production LLC        Page 3 of 6

site where credit cards would be processed for those who
wanted to hold in their hand, the "Great Secret of The
Universe" on DVD.

But, the universe wasn't exactly cooperating back in late
2005 - even though the movie makers asked and believed,
television receivers never received.

Instead, independent internet strategist,
Dan Hollings, was commissioned to launch
"The Secret" online, using word-of-mouth
and creative internet strategies on a
shoestring budget. But, a shortage of
money was not the only challenge. "The
Secret" needed everything: a web site, a
custom shopping cart, programmers,
customer support, a ticket system,
fulfillment, complimentary products,
interactive web apps, online games, flash development, and a
marketing strategy that could make this albatross soar.



## Birds of a Feather

*"The Secret"* had three feathers in their strategical hat: First
was the trailer, compellingly crafted by director Drew Hariot
(later terminated from the project. Second, they had a cadre
of knowledgeable, well respected, connected, and database-
rich teachers from the Law of Attraction and self-help space -
each participating for free with the exception of Ester and
Jerry Hicks (later removed from the movie). And finally,
because they had asked, and led Mr Hollings to believe, he set
about to deliver the creative internet savvy required to 'make
fly' what many now believe to be the most successful
marketing campaign ever launch on the web.

Exactly how was this done? It's a question every entrepreneur
and internet marketer wants to know. Can it be replicated?
And if so, by whom? And if any one is to piece this mystery
together, whom might it be? Do the makers and merchants

Exhibit 2
-27-

2/6

Know More Secrets ::: Not affiliated with "The Secret" movie, The Secret LLC, TS Merchandising Ltd or TS Production LLC    Page 4 of 6

really possess the knowledge? Will Mr. Hollings ever release
his secrets?

### A Prophet with No Profits?

Like a prophet on a journey, it started when an obscure public-
domain work wattled across Rhonda Byrne's path. She set
forth with the clear intention to reveal a new found "secret" to
the world. With an unyielding vision the "Science of Getting
Rich" was manifested - or was it? Now that "The Secret" is
revealed and Secret product sales are in the millions, why
might the books show virtually no profits? Is there a more
insidious secret yet to be revealed? Why are talk shows now
being cancelled and key guests becoming "no shows?" Maybe
the makers just haven't yet watched their own movie?

Is anyone curious about what Dan Hollings is doing these
days? Was his fate parenthetically the same as other key
contributors? Was the last feather plucked? And if so, is there
perhaps a pattern; say, a Da Vinci code of some sort within
the operation? And will the makers attract more of what they
may not want to think about?

Oh, this might be a parody or just another clever marketing
strategy, but more secrets are destined to be revealed. If
you're waiting for the sequel, you may be disappointed. Mr
Hollings invites you to participate in his survey now. Afterall,
isn't it time to know more secrets?

---

### WHAT SECRET'S WOULD YOU WANT DAN HOLLINGS TO REVEAL? *(Select one)*

○  Internet Marketing Secrets by Dan Hollings
     (for entrepreneurs, companies, and web site owners)

Exhibit 2
-28-

Know More Secrets ::: Not affiliated with "The Secret" movie, The Secret LLC, TS Merchandising Ltd or TS Production LLC    Page 5 of 6

○ *Law of Attraction Secrets*
   *(for those wanting more information about this philosophy)*
○ *Secrets of Dan Hollings*
   *(inquiries from companies or web sites seeking private web strategy consultation)*
○ *Book of Secrets*
   *(inquiries from serious book publishers seeking a potential hot seller)*
○ *Hidden Secrets*
   *(inquiries from reporters, talk show hosts, media and inquiring minds)*

*Comments are appreciated...*

*Your Primary E-Mail Address:*

*Your Name:*

**Ask and you shall receive!**

*Your email will be kept secret - promise.*

**Share this page with others...**



Know More Secrets ::: Not affiliated with "The Secret" movie, The Secret LLC, TS Merchandising Ltd or TS Production LLC    Page 6 of 6



Exhibit 2
-30-

29

EXHIBIT 3

1  Manatt, Phelps & Phillips, LLP
   GERALD A. MARGOLIS (Bar No. CA 059010)
2  E-mail: gmargolis@manatt.com
   CRAIG S. RUTENBERG (Bar No. CA 205309)
3  E-mail: crutenberg@manatt.com
   11355 West Olympic Boulevard
4  Los Angeles, CA 90064-1614
   Telephone: (310) 312-4000
5  Facsimile: (310) 312-4224

6  Mozley, Finlayson & Loggins LLP
   CHRISTOPHER E. PARKER (*admitted pro hac vice*)
7  E-mail: cparker@mfllaw.com
   JESSICA B. COUCH (*admitted pro hac vice*)
8  E-mail: jcouch@mfllaw.com
   One Premier Plaza, Suite 900
9  5605 Glenridge Drive
   Atlanta, GA 30342
10
   *Attorneys for Plaintiff*
11  DAN HOLLINGS

12              UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14

15

   DAN HOLLINGS, an individual          Case No. CV08-3024 DDP (PJWx)
16
                Plaintiff,              FIRST AMENDED
17                                      COMPLAINT FOR:
             vs.
18                                      1. BREACH OF CONTRACT
   RHONDA BYRNE, an individual; TS
19  PRODUCTION, LLC, a limited          2. FRAUDULENT INDUCEMENT
   liability company of unknown
20  domesticity, THE SECRET, LLC a      3. UNJUST ENRICHMENT
   Delaware limited liability company aka
21  TS HOLDINGS, LLC, TS                4. UNFAIR BUSINESS PRACTICES
   PRODUCTION HOLDINGS, LLC, a
22  Hungarian limited liability company;  5. PROMISSORY ESTOPPEL
   TS MERCHANDISING LTD., a
23  British Virgin Islands Corporation; and  6. ACCOUNTING
   PRIME TIME U.S., INC., a Delaware
24  Corporation,

25              Defendants.

26                                      DEMAND FOR JURY TRIAL

27

28

41280613 1                              FIRST AMENDED COMPLAINT

Exhibit 3
-31-
30

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## AMENDED COMPLAINT

Dan Hollings, Plaintiff in the above-styled action, files this Amended
Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1) against Defendants
Rhonda Byrne, TS Production, LLC, The Secret, LLC (aka TS Holdings, LLC) TS
Production Holdings, LLC, TS Merchandising, Ltd., and Prime Time U.S., Inc.
(hereinafter collectively referred to as "Defendants"), alleging as follows:

## JURISDICTION AND VENUE

1.      Plaintiff Dan Hollings is a resident of the State of Arizona.

2.      Defendant Rhonda Byrne is a resident of the State of California who
resides in or around the County of Santa Barbara and may be served at 900 Hot
Springs Road, Santa Barbara, California 93108.  Defendant Byrne is the majority
and/or beneficial owner of the other business entities named as Defendants.
Defendant Byrne conducts her business operations relating to *The Secret* from her
residence and offices in Santa Barbara County, California.  The corporate
Defendants constitute a complex business organization designed to achieve
beneficial tax treatment for Defendant Byrne for the substantial profits derived from
*The Secret*.  The Secret LLC is a Delaware limited liability company with a
principal place of business at 900 Hot Springs Road, Santa Barbara, California
93108-1111.  The Secret LLC operates under the name TS Holdings LLC.  The
Secret LLC's registered agent for service of process is CT Corporation Systems,
208 South LaSalle Street, Suite 814, Chicago, IL 60604.

3.      Defendant Prime Time U.S., Inc. is a Delaware corporation with a
principal place of business at 1550 N. Cleveland Avenue, Chicago, Illinois 60610
and conducts business in the United States on behalf of or through TS Production,
LLC.  Upon information and belief, Defendant Prime Time U.S., Inc. is the United
States affiliate of Prime Time Productions Holdings Pty Ltd., an Australian
corporation which regularly transacts business within the State of California.
Defendant Prime Time U.S., Inc. is the wholly-owned subsidiary of TS

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

412806431                      Exhibit 3
                                 -32-                      FIRST AMENDED COMPLAINT

31

1    Productions, LLC. Defendant Prime Time U.S., Inc. can be served with process

2    through its president, director, and/or owner, Defendant Rhoda Byrne at 900 Hot

3    Springs Road, Santa Barbara, California 93108 or its registered agent, CT

4    Corporation Systems, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

5         4.    Defendant TS Merchandising Ltd is a British Virgin Islands

6    corporation which regularly transacts business within the State of California and

7    which maintains its principal place of business in Chicago, Illinois. TS

8    Merchandising Ltd. controls the distribution and sales of DVDs, books, and other

9    materials relating to *The Secret* and operates websites www.thesecret.tv and

10   www.whatisthesecret.tv that are currently believed to be hosted on internet servers

11   located in San Antonio, Texas TS Merchandising can be served with process

12   through its registered agent, CT Corporation System at 208 South LaSalle Street,

13   Suite 814, Chicago, IL 60604.

14        5.    Defendant TS Production, LLC is a Hungarian limited liability

15   company which regularly transacts business within the State of California and

16   which maintains its principal place of business at 1550 N. Cleveland Avenue,

17   Chicago, Illinois 60610. TS Production, LLC purports to have a principal office at

18   Eros Ugyvedi Iroda, Roosevelt Irodahaz, Roosevelt ter 7-8, Budapest H-1051,

19   Hungary, but, in fact, conducts no substantive business at this location or anywhere

20   within the country of Hungary. The Hungarian address is actually the offices of

21   Defendants' legal counsel, Squire Sanders & Dempsey, a law firm headquartered in

22   Cleveland, Ohio. TS Production, LLC is a shell company that was created in an

23   effort to achieve favorable tax consequences for its owners and to help immunize

24   them from liability. Upon information and belief, TS Production, LLC has been

25   assigned many of the rights associated with *The Secret*. TS Production, LLC can be

26   served with process through its president, Robert Rainone at 1339 W. George

27   Street, Chicago, Illinois 60657. TS Production Holdings, LLC is a Delaware

28   limited liability company and the parent company of TS Production, LLC. It is

32

1  believed that TS Production Holdings, LLC receives income from the operations of
2  TS Production, LLC, Prime Time U.S., Inc., and TS Merchandising Ltd. relating to
3  *The Secret*. TS Production Holdings, LLC is believed to be owned in whole or in
4  substantial part by Rhonda Byrne. It is further believed that TS Production
5  Holdings, LLC was originally incorporated under the name Byrne Holdings LLC.
6  TS Production Holdings, LLC's registered agent for service of process is The
7  Corporation Trust Company, 1209 North Orange Street, Wilmington, Delaware
8  19801.
9      6.     This Court has personal jurisdiction over Defendant Byrne because she
10 is a resident of the State of California and of this judicial district, who regularly
11 transacts business that is the subject matter of this litigation and otherwise. This
12 Court has personal jurisdiction over all the defendants because the defendants, both
13 collectively and individually, availed themselves of the State of California by
14 soliciting and conducting business within the State of California, actively soliciting
15 and maintaining California residents as potential clients and customers for their
16 various enterprises and by committing tortious acts within the State of California.
17 Defendants also maintain websites that sell and ship products to customers in the
18 State of California. This Court has personal jurisdiction over any defendants which
19 are served with process within the State of California.
20     7.     This action is within the Court's jurisdiction under the provisions of
21 28 U.S.C. § 1332 in that it is a civil action between citizens of different states and
22 the matter in controversy exceeds the sum or value of Seventy Five Thousand and
23 00/100 Dollars ($75,000.00), exclusive of interest and costs.
24     8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because
25 a substantial part of the events or omissions giving rise to the claim occurred and a
26 substantial part of property that is the subject of the action is situated in the Central
27 District of California. Venue is proper in this Court because Defendants are
28 domiciled, transact business and/or committed tortious acts within this judicial

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

412806131

Exhibit 3
-34-

33

FIRST AMENDED COMPLAINT

1    district.

2    **FACTUAL BACKGROUND**

3        9.    Defendant Rhonda Byrne is the creator, author and producer of "*The*

4    *Secret*", a film that has been viewed by millions around the world. *The Secret* has

5    also been released as a book with more than seven million copies in print.

6        10.    Upon information and belief, Defendant Byrne owns all or a

7    significant portion of Defendant Prime Time Productions, an Australia-based film

8    and television company. Prime Time Productions produces films in multiple cities

9    across the world including Melbourne, Chicago, Austin, and Los Angeles.

10        11.    In 2005, Mr. Hollings began negotiations with Rhonda Byrne and her

11    company, Prime Time Productions, to perform internet strategy and marketing

12    services that included oversight and direct involvement in the creation,

13    maintenance, support and operation of websites for the project known as *The Secret*

14    (collectively, "*The Secret* Website"), as well as the internet marketing strategies to

15    support *The Secret*.

16        12.    Ms. Byrne represented that she was in the course of producing a movie

17    called *The Secret* and solicited Mr. Hollings' help in designing and setting up the

18    website and overseeing internet activities such as internet strategy, marketing,

19    customer support, fulfillment and programming for *The Secret*'s website.

20        13.    In September of 2005, Mr. Hollings and Ms. Byrne reached an

21    agreement under which Mr. Hollings was retained to provide creative and

22    marketing services necessary for the establishment of a website and related

23    marketing channels that were a vital component of *The Secret* strategy, advertising,

24    production and sales campaign that were to follow.

25        14.    Mr. Hollings was chosen by Ms. Byrne based on his reputation,

26    experience, and his unique skill set and ability to provide a substantial platform that

27    would assist in the roll-out and sales of *The Secret* movie and related products in a

28    manner that would maximize the revenue captured by the program. Far from just

Exhibit 3    FIRST AMENDED COMPLAINT
-35-

34

1   providing basic website development, the strategy, marketing and platform

2   established and implemented by Mr. Hollings was integral to Ms. Byrne's efforts to

3   establish a multi-million dollar product in a world-wide consumer market.  Mr.

4   Hollings' internet strategy and services provided the primary means by which

5   customers were introduced to and sold the various products offered at *The Secret*

6   website.  Mr. Hollings' services were specifically acknowledged by Defendant

7   Byrne in *The Secret* book.

8       15.     *The Secret* marketing campaign and marketing pages were launched in

9   March 2006 and *The Secret* web site was launched along with the release of *The*

10  *Secret* movie in late August 2006.

11      16.     Millions of people have viewed *The Secret* film since the internet

12  marketing campaign began in March 2006.  The book *The Secret*, became a #1 New

13  York Times bestseller and has more than 7.5 million copies in print.  According to

14  its website, *The Secret* film and book have been translated into many languages for

15  audiences around the world.

16      17.     The terms of the agreement between Mr. Hollings and Defendant

17  Byrne are memorialized in a series of email correspondence which sets forth

18  Defendant Byrne's desire to maximize the profit potential surrounding this project

19  and the amount of revenues that could be captured through the web-based

20  marketing campaign.

21      18.     In her email correspondence to Mr. Hollings, Defendant Byrne and

22  Prime Time Productions promised to pay Mr. Hollings, "US$8,000.00 per month to

23  broadcast plus a share of 10% of gross margins of all revenues from *The Secret*

24  website.  The revenues you will receive from this, in fact, will exceed the Nine

25  Network's revenues as they have 10% of Prime Time's net profits, which will come

26  after your share."  A true and correct copy of the email correspondence between

27  Mr. Hollings and Defendant Byrne is attached hereto as Exhibit A.

28      19.     Following the negotiations between Mr. Hollings and Defendant Byrne

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

412806131

Exhibit 3
-36-

FIRST AMENDED COMPLAINT

35

1  and Defendant Prime Time Products, Defendant Byrne established Defendant TS

2  Merchandising to handle certain business matters related to *The Secret's* website.

3      20.    Plaintiff Hollings performed all work asked and required of him on

4  *The Secret* website, including internet strategy and development and

5  implementation of the marketing campaign pursuant to his agreement with

6  Defendants.  Further, in order to perform his obligations under the contract,

7  Defendant was forced to put aside other clients and opportunities so that he could

8  designate adequate time to *The Secret* website, internet strategy and marketing.

9      21.    In April, 2006, after the website's launch, Mr. Hollings sent an invoice

10  to TS Merchandising requesting his 10% share of the gross margins pursuant to the

11  terms of his agreement with Ms. Byrne and Prime Time Productions.

12      22.    Following April, 2006, *The Secret* sent numerous communications

13  assuring Mr. Hollings that his portion of the gross margin would be forthcoming.

14  Defendant went so far as to instruct Mr. Hollings to set up an LLC for the purpose

15  of receiving the large sum of money.

16      23.    Defendants have failed to pay Mr. Hollings the agreed upon

17  percentage of the gross margin which he is due pursuant to his agreement with

18  Defendants; an amount which is now believed to be in excess $3,000,000.00.

19  **COUNT I – BREACH OF CONTRACT**

20      24.    Plaintiff realleges the allegations in paragraphs 1 through 23 of this

21  Complaint as if set forth here verbatim.

22      25.    The agreement between Plaintiff and Defendants forms a binding

23  contract between the parties for which Defendants have received valuable

24  consideration.

25      26.    Defendants' failure to pay Plaintiff's 10% portion of the gross margin

26  constitutes a breach of the contract between the parties.

27      27.    As a direct and proximate result of Defendants' breach, Plaintiff has

28  suffered damages in the amount of at least $250,000.00 plus interest and costs.

## <u>COUNT II – FRAUDULENT INDUCEMENT</u>

28.     Plaintiff realleges the allegations in paragraphs 1 through 26 of this Complaint as if set forth here verbatim.

29.     Defendants induced Plaintiff to perform work for *The Secret* website by falsely representing either orally, in writing or by implied conduct, that they would pay him 10% of gross margin for his work.

30.     Defendants induced Plaintiff to set aside other clients and business opportunities by falsely representing either orally, in writing or by implied conduct, that they would pay him 10% of gross margin for his work.

31.     Defendants' representations were false and Defendants knew them to be false.  Defendants, through Rhonda Byrne and Robert Rainone, were well aware that they would not pay Plaintiff the percentage of gross margin which they had fraudulently promised.

32.     At all times relative hereto, Plaintiff reasonably believed Defendants' representations, was unaware of the true concealed facts, and justifiably relied upon Defendants' representations by performing work on *The Secret's* website and setting aside other clients and opportunities in order to complete his performance under the contract.

33.     If Plaintiff had known the true facts, Plaintiff would not have performed the work on *The Secret*'s Website and would not have set aside other clients and opportunities in order to perform work for Defendants.

34.     As a proximate result of Defendants' fraud and deceit, Plaintiff has suffered general and special damages in an amount to be proven at trial in excess of $250,000.00.

35.     Upon information and belief, Defendants are guilty of oppression, fraud and malice towards him.  Therefore, in addition to actual damages, Plaintiff is entitled to recover punitive damages from Defendants, for the purpose of punishing Defendants and deterring it and others from engaging in such actions in the future.

37

## COUNT III – UNJUST ENRICHMENT

36.    Plaintiff realleges the allegations in paragraphs 1 through 34 of this Complaint as if set forth here verbatim.

37.    Plaintiff has performed services for Defendant for which Defendant has failed to compensate Plaintiff and Defendant has been unjustly enriched thereby.

38.    Defendant has maintained money which is due and owing to Plaintiff and to which Plaintiff is entitled and Defendant has been unjustly enriched thereby.

39.    Plaintiff has repeatedly demanded that Defendant remit payment of the amounts owed by Defendant to Plaintiff.

40.    Defendant has failed, refused and continues to refuse to pay the amount due and owing to Plaintiff, thereby resulting in damages to Plaintiff in the amount to be proven at trial, plus interest, attorney fees and costs pursuant to the terms of the Programs.

## COUNT IV – UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROVISIONS CODE § 17200

41.    Plaintiff realleges the allegations in paragraphs 1 through 40 of this Complaint as if set forth here verbatim.

42.    Defendants, and each of them, are "persons" as defined under California Business and Professions Code § 17021.

43.    By engaging in the above-described practices and actions, Defendants have committed one or more acts of unfair competition within the meaning of California Business & Professions Code § 17200, *et seq.*  Under these statutes, "unfair competition" means an unlawful, unfair or fraudulent business act or practice.  This conduct as alleged is actionable pursuant to Business & Professions Code §§ 17200 and 17203.

44.    Beginning on a date unknown to Plaintiff and continuing to the present, on information and belief, Defendants have engaged in, and continue to

1  engage in, such unfair competition. Defendants' acts and practices are wrongful,

2  arbitrary, without reasonable business or commercial justification, unethical,

3  oppressive, and have caused substantial harm and injury to Plaintiff.

4      45.    Defendants' acts constitute continuing and ongoing unfair competition

5  and unfair and unlawful activity prohibited by California Business and Professions

6  Code §§ 17200 *et seq.*, and justify the issuance of an injunction, restitution and

7  other equitable relief pursuant to California Business and Professions Code

8  § 17203.

9      46.    As a result, Plaintiff requests relief as hereinafter provided, including

10  recovery of the profits garnered by Defendants at Plaintiff's expense and including

11  reasonable attorney's fees he has been forced to incur, and continues to incur, in

12  prosecution of his rights through this action.

13              **COUNT V –PROMISSORY ESTOPPEL**

14      47.    Plaintiff realleges the allegations in paragraphs 1 through 23 and 28

15  through 46 of this Complaint as if set forth here verbatim.

16      48.    Defendants made a promise to Plaintiff that they would pay him 10%

17  of gross margin for his work, which promise was clear and unambiguous in its

18  terms.

19      49.    Plaintiff relied upon Defendants' clear and unambiguous promise.

20      50.    Plaintiff's reliance was reasonable and foreseeable.

21      51.    As a direct result of Plaintiff's reasonable and foreseeable reliance on

22  Defendant's promise, Plaintiff has been injured in the amount to be proven at trial,

23  plus interest, attorney fees and costs pursuant to the terms of the Programs.

24              **COUNT VI – ACCOUNTING**

25      52.    Plaintiff realleges the allegations in paragraphs 1 through 51 of this

26  Complaint as if set forth here verbatim.

27      53.    By virtue of the above, Plaintiff is entitled to an accounting of all

28  revenue, profits and costs of production generated by Defendants resulting from

1    their sale of all products related to *The Secret* book, movie and other products

2    contemplated for sale as part of *The Secret*.

3         WHEREFORE, Plaintiff respectfully requests the following:

4         a.    A judgment on Count One in an amount to be determined by the

5    enlightened conscience of an impartial jury, no less than $250,000.00 together with

6    prejudgment interest and costs;

7         b.    a judgment on Count Two in an amount to be proven at trial in

8    excess of $250,000.00 plus punitive damages;

9         c.    a judgment on Count Three in an amount to be proven at trial in

10    excess of $250,000.00 plus exemplary damages;

11         d.    a judgment on Count Four in an amount to be proven at trial in

12    excess of $250,000.00 plus exemplary damages;

13         e.    a judgment on Count Five in an amount to be proven at trial in

14    excess of $250,000.00 plus attorneys fees;

15         f.    an accounting of all revenues and expenses necessary to

16    determine Plaintiff's entitlement to compensation;

17         g.    a trial by jury; and

18         h.    any other relief the Court deems just and proper.

19

20    Dated:    May 21, 2008              Respectfully submitted,

21                                        Manatt, Phelps & Phillips, LLP
                                          Gerald A. Margolis
22                                        Craig S. Rutenberg

23                                        Mozley, Finlayson & Loggins LLP
                                          Christopher E. Parker (*admitted pro hac vice*)
24                                        Jessica B. Couch (*admitted pro hac vice*)

25                                        By: _____

26                                        Craig S. Rutenberg
                                          *Attorneys for Plaintiff*
27                                        DAN HOLLINGS

28

1

## JURY DEMAND

2

Plaintiff hereby demands a trial by jury.

3

4    Dated:    May 21, 2008                    Respectfully submitted,

5                                              Manatt, Phelps & Phillips, LLP
                                               Gerald A. Margolis
6                                              Craig S. Rutenberg

7                                              Mozley, Finlayson & Loggins LLP
                                               Christopher E. Parker (*admitted pro hac vice*)
8                                              Jessica B. Couch (*admitted pro hac vice*)

9

10                                             By: _____

11                                             Craig S. Rutenberg
                                               *Attorneys for Plaintiff*
12                                             DAN HOLLINGS

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

412806131

*Exhibit 3*
-42-

FIRST AMENDED COMPLAINT

4/

**PROOF OF SERVICE**

I, C.M. Guitian, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11355 West Olympic Boulevard, Los Angeles, California 90064-1614. On May 21, 2008, I served a copy of the within document(s):

**FIRST AMENDED COMPLAINT**

☐     by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☒     by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐     by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

*Please see attached service list.*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 21, 2008, at Los Angeles, California.

_____
C.M. Guitian

**Service List**

*Dan Hollings v. Rhonda Byrne, et al.*

U.S. District Court, Central District of California
Case No. CV08-03024 DDP (PJWx)

| | |
|---|---|
| Rhonda Byrne<br>900 Hot Springs Road<br>Santa Barbara, CA  93108 | TS Production, LLC<br>Robert Rainone<br>1339 W. George Street<br>Chicago, IL  60657 |
| The Secret, LLC<br>Registered Agent for The Secret, LLC<br>CT Corporation Systems<br>208 South LaSalle Street, Suite 814<br>Chicago, IL  60604 | Prime Time U.S., Inc.<br>Registered Agent for Prime Time U.S., Inc.<br>CT Corporation Systems<br>208 South LaSalle Street, Suite 814<br>Chicago, IL  60604 |
| TS Production Holdings, LLC<br>Registered Agent for TS Production<br>    Holdings, LLC<br>The Corporation Trust Company<br>1209 North Orange Street<br>Wilmington, DE  19801 | TS Merchandising Ltd.<br>Registered Agent for TS Merchandising<br>    Ltd.<br>CT Corporation Systems<br>208 South LaSalle Street, Suite 814<br>Chicago, IL  60604 |

Exhibit 3<br>-44-

PROOF OF SERVICE

43

1

**PROOF OF SERVICE**

2

3          I am a citizen of the United States and employed in Los Angeles County,

4    California.  I am over the age of eighteen years and not a party to the within-entitled

5    action.  My business address is 555 South Flower Street, 31st Floor, Los Angeles,

6    California  90071-2300.  I am readily familiar with this firm's practice for

7    collection and processing of correspondence for mailing with the United States

8    Postal Service.  On June 9, 2008, I placed with this firm at the above address for

9    deposit with the United States Postal Service a true and correct copy of the within

10   document: MOTION TO TRANSFER CASE TO THE NORTHERN DISTRICT

11   OF ILLINOIS in a sealed envelope, postage fully paid, addressed as follows:

12   Christopher E. Parker
     Jessica B. Couch                              Gerald A. Margolis
13   Mozley, Finlayson & Loggins LLP                Craig S. Rutenberg
     One Premier Plaza, Suite 900                   Manatt, Phelps & Phillips, LLP
14   5605 Glenridge Drive                           11355 West Olympic Boulevard
     Atlanta, Georgia   30342                       Los Angeles, CA 90064-1614
15

16

17          Following ordinary business practices, the envelope was sealed and placed

18   for collection and mailing on this date, and would, in the ordinary course of

19   business, be deposited with the United States Postal Service on this date.

20          I declare that I am employed in the office of a member of the bar of this court

21   at whose direction the service was made.

22          Executed on June 9, 2008, at Los Angeles, California.

23

24                                          _Carmen Chavez_

25                                          Carmen Chavez

26

27

28

MOTION TO TRANSFER CASE TO NORTHERN DISTRICT OF ILLINOIS

1  ALEXANDRA A. BODNAR (State Bar #185255)
   abodnar@ssd.com
2  SQUIRE, SANDERS & DEMPSEY L.L.P.
   555 South Flower Street, Suite 3100
3  Los Angeles, California 90071
   Phone: 213-689-5184
4  Fax: 213-623-4581

5  -and-

6  BRIAN A. CABIANCA (*pro hac vice* application
   pending)
7  bcabianca@ssd.com
   CHRISTOPHER I. CEDILLO (*pro hac vice*
8  application pending)
   ccedillo@ssd.com
9  SQUIRE, SANDERS & DEMPSEY L.L.P.
   40 North Central Avenue, Suite 2700
10 Phoenix, Arizona 85004-4498
   Phone: 602-528-4000
11 Fax: 602-253-8129

12 Attorneys for Defendants Rhonda Byrne, TS
   Production LLC, The Secret LLC, TS Holdings,
13 LLC, TS Production Holdings LLC, TS
   Merchandising Ltd., and Prime Time US Inc.

14

15                  **UNITED STATES DISTRICT COURT**

16                  **CENTRAL DISTRICT OF CALIFORNIA**

17

18 DAN HOLLINGS, an Individual,          Case No.  08-03024 DDP (PJWx)

19              Plaintiff,

20        vs.                            The Honorable Dean D. Pregerson

21 RHONDA BYRNE, TS                      NOTICE OF INTERESTED PARTIES
   PRODUCTION LLC, THE SECRET
22 LLC, TS HOLDINGS, LLC, TS
   PRODUCTION HOLDINGS LLC,              Complaint filed May 21, 2008
23 TS MERCHANDISING LTD., AND
   PRIME TIME US INC.,
24
              Defendants.
25

26

27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
Suite 2700
40 North Central Avenue
Phoenix, Arizona 85004-4498

- 1 -
NOTICE OF INTERESTED PARTIES

1        The undersigned, counsel of record for defendants Rhonda Byrne, TS

2    Production LLC, The Secret LLC (now named TS RER LLC), TS Holdings, LLC,

3    TS Production Holdings LLC, TS Merchandising Ltd., and Prime Time US Inc.

4    (collectively, the "Defendants"), certifies that there are no parties beside the

5    defendants who have a direct pecuniary interest in the outcome of this case.  These

6    representations are made to enable the Court to evaluate possible disqualification or

7    recusal.

8

9    Dated:  June 9, 2008                          SQUIRE, SANDERS & DEMPSEY L.L.P.

10

11                                                      By: _____

12                                                            Alexandra A. Bodnar
                                                          Attorney of Record for Defendants
13                                                        Rhonda Byrne, TS Production LLC, The
                                                          Secret LLC (now named TS RER LLC),
14                                                        TS Holdings, LLC, TS Production
                                                          Holdings LLC, TS Merchandising Ltd.,
15                                                        and Prime Time US Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
Suite 2700
40 North Central Avenue
Phoenix, Arizona 85004-4498

- 2 -
NOTICE OF INTERESTED PARTIES

## PROOF OF SERVICE

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, 31st Floor, Los Angeles, California 90071-2300. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On June 9, 2008, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document: NOTICE OF INTERESTED PARTIES in a sealed envelope, postage fully paid, addressed as follows:

Christopher E. Parker
Jessica B. Couch
Mozley, Finlayson & Loggins LLP
One Premier Plaza, Suite 900
5605 Glenridge Drive
Atlanta, Georgia   30342

Gerald A. Margolis
Craig S. Rutenberg
Manatt, Phelps & Phillips, LLP
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 9, 2008, at Los Angeles, California.

_____
Carmen Chavez

SQUIRE, SANDERS &
DEMPSEY L.L.P.
Suite 2700
40 North Central Avenue
Phoenix, Arizona 85004-4498

1  ALEXANDRA A. BODNAR (State Bar #185255)
   abodnar@ssd.com
2  SQUIRE, SANDERS & DEMPSEY L.L.P.
   555 South Flower Street, Suite 3100
3  Los Angeles, California 90071
   Phone: 213-689-5184
4  Fax:    213-623-4581

5  -and-

6  BRIAN A. CABIANCA (*pro hac vice* application
   pending)
7  bcabianca@ssd.com
   CHRISTOPHER I. CEDILLO (*pro hac vice* application
8  pending)
   ccedillo@ssd.com
9  SQUIRE, SANDERS & DEMPSEY L.L.P.
   40 North Central Avenue, Suite 2700
10 Phoenix, Arizona 85004-4498
   Phone: 602-528-4000
11 Fax:    602-253-8129

12 Attorneys for Defendants Rhonda Byrne, TS Production
   LLC, The Secret LLC, TS Holdings, LLC, TS Production
13 Holdings LLC, TS Merchandising Ltd., and Prime Time
   US Inc.

14

15               **UNITED STATES DISTRICT COURT**

16               **CENTRAL DISTRICT OF CALIFORNIA**

17

18 DAN HOLLINGS, AN                  Case No.  08-03024 DDP (PJWx)
   INDIVIDUAL,
19                                   [PROPOSED] ORDER ON
              Plaintiff,             MOTION TO TRANSFER
20                                   CASE TO THE NORTHERN
      vs.                            DISTRICT OF ILLINOIS
21
   RHONDA BYRNE, TS                   Date:  July 14, 2008
22 PRODUCTION LLC, THE SECRET         Time:  10:00 a.m.
   LLC, TS HOLDINGS, LLC, TS          Place:  Courtroom of The Honorable
23 PRODUCTION HOLDINGS LLC,           Dean D. Pregerson
   TS MERCHANDISING LTD., AND
24 PRIME TIME US INC.,
                                      Complaint filed May 21, 2008
25            Defendants.

26

27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
Suite 2700
40 North Central Avenue
Phoenix, Arizona 85004-4498

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>ORDER</u>**

The Court, having considered the Motion by defendants Rhonda Byrne, TS

Production LLC, The Secret LLC, TS Holdings, LLC, TS Production Holdings

LLC, TS Merchandising Ltd., and Prime Time US Inc. to transfer this case to the

Northern District of Illinois (the "Motion"), and good cause appearing therefor,

IT IS HEREBY ORDERED that the Motion is GRANTED.

Dated: _____, 2008

_____
JUDGE DEAN D. PREGERSON

SQUIRE, SANDERS &
DEMPSEY L.L.P.
Suite 2700
40 North Central Avenue
Phoenix, Arizona 85004-4498

- 2 -
[PROPOSED] ORDER

1 **PROOF OF SERVICE**

2

3       I am a citizen of the United States and employed in Los Angeles County,

4 California.  I am over the age of eighteen years and not a party to the within-entitled

5 action.  My business address is 555 South Flower Street, 31st Floor, Los Angeles,

6 California  90071-2300.  I am readily familiar with this firm's practice for

7 collection and processing of correspondence for mailing with the United States

8 Postal Service.  On June 9, 2008, I placed with this firm at the above address for

9 deposit with the United States Postal Service a true and correct copy of the within

10 document: [PROPOSED ORDER] ON MOTION TO TRANSFER CASE TO THE

11 NORTHERN DISTRICT OF ILLINOIS in a sealed envelope, postage fully paid,

12 addressed as follows:

13 Christopher E. Parker                     Gerald A. Margolis
   Jessica B. Couch                          Craig S. Rutenberg
14 Mozley, Finlayson & Loggins LLP           Manatt, Phelps & Phillips, LLP
   One Premier Plaza, Suite 900              11355 West Olympic Boulevard
15 5605 Glenridge Drive                      Los Angeles, CA 90064-1614
   Atlanta, Georgia   30342
16

17

18       Following ordinary business practices, the envelope was sealed and placed

19 for collection and mailing on this date, and would, in the ordinary course of

20 business, be deposited with the United States Postal Service on this date.

21       I declare that I am employed in the office of a member of the bar of this court

22 at whose direction the service was made.

23       Executed on June 9, 2008, at Los Angeles, California.

24

25                              _Carmen Chavez_

26                              Carmen Chavez

27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
Suite 2700
40 North Central Avenue
Phoenix, Arizona 85004-4498