ALEXANDRA A. BODNAR (State Bar #185255)
abodnar@ssd.com
SQUIRE, SANDERS & DEMPSEY L.L.P.
555 South Flower Street, Suite 3100
Los Angeles, California 90071
Phone: 213-689-5184
Fax:   213-623-4581

-and-

BRIAN A. CABIANCA (*pro hac vice*)
bcabianca@ssd.com
CHRISTOPHER I. CEDILLO (*pro hac vice*)
ccedillo@ssd.com
SQUIRE, SANDERS & DEMPSEY L.L.P.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004-4498
Phone: 602-528-4000
Fax:   602-253-8129

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN HOLLINGS, AN INDIVIDUAL,<br><br>Plaintiff,<br><br>vs.<br><br>RHONDA BYRNE, TS PRODUCTION LLC, THE SECRET LLC, TS HOLDINGS, LLC, TS PRODUCTION HOLDINGS LLC, TS MERCHANDISING LTD., AND PRIME TIME US INC.,<br><br>Defendants. | Case No. 08-03024 DDP (PJWx)<br><br>REPLY IN SUPPORT OF MOTION TO TRANSFER CASE TO THE NORTHERN DISTRICT OF ILLINOIS<br><br>Date: July 14, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom of The Honorable Dean D. Pregerson<br><br>Complaint filed May 21, 2008 |

Defendants submit this reply in support of their motion (the "Motion") to transfer this case to the Northern District of Illinois under the "first-to-file" rule. This reply is supported by the Declaration of Christopher I. Cedillo (attached hereto as Exhibit 4) and the other exhibits attached hereto, including the June 26, 2008 Order from the Northern District of Illinois denying plaintiff Dan Hollings' motion to dismiss the first-filed case.[1]

## ARGUMENT

### I. The First-Filed Case in The Northern District of Illinois Is Proceeding.

On June 26, 2008, the Northern District of Illinois (Guzman, J.) denied the motion of plaintiff Dan Hollings and his company Web Services, LLC to be dismissed from the first-filed case in the Northern District of Illinois. (*See* June 26, 2008 Order attached hereto as Exhibit 5). In the first-filed case, the Court ruled that Mr. Hollings and Web Services, LLC are subject to jurisdiction in the Northern District of Illinois. Accordingly, the litigation against plaintiff Hollings and his company – of which he is the sole member – will proceed in the Northern District of Illinois.

The Order in the first-filed case weighs heavily in favor of granting defendants' motion to transfer this case to the Northern District of Illinois for at least two reasons. First, denial of the motion to dismiss Dan Hollings and his company means that the first-filed case against them will proceed, thereby emphasizing the efficiency rationale underlying the doctrine that later-filed cases should be transferred or dismissed in favor of the first-filed case. *See Panasonic Corp. v. Patriot Scientific Corp.*, No. 05-4844, 2006 U.S. Dist LEXIS 15758, at *2 (N.D. Cal. Mar. 16, 2008) (the purpose of the first-to-file rule is "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of other courts, and to avoid piecemeal resolution of issues that call for a uniform result.").

---

[1] Consistent with its Motion to Transfer, the defendants specifically reserve their right to move to dismiss this case on appropriate grounds, including without limitation, lack of personal jurisdiction, should their Motion to Transfer be denied.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
Suite 2700
40 North Central Avenue
Phoenix, Arizona 85004-4498

- 2 -
MOTION TO TRANSFER CASE TO NORTHERN DISTRICT OF ILLINOIS

Here, because the court in the first-filed case is going to make a final determination regarding, among other things, whether Mr. Hollings has received all that he is entitled to receive as a result of the Website management services he provided for *The Secret* (*see* Motion Exhibit 2, N.D. Ill. Compl., Count VII for Declaratory Relief), this Court need not waste its own and the public's valuable resources to evaluate the same facts and law on Hollings' claims in this case.

And, as set forth more fully in Section III, *infra*, the Order in the first-filed case refutes Hollings' unsupported claim that the plaintiffs in that case acted in bad faith by filing in that district.

## II. Hollings' Own Opposition Confirms That the First-Filed Case Will Resolve the Claims Asserted in This Proceeding.

Hollings' opposition underscores why this case should be transferred to the Northern District of Illinois so it can be consolidated with the first-filed case.

### A. The Chronology Factor Favors Transfer.

As an initial matter, Hollings' Opposition does not dispute that the first-filed case was filed long before Hollings filed his case in this Court. Therefore, this factor of the three-part test favors transfer. *See Panasonic Corp.*, 2006 U.S. Dist. LEXIS 15758, at *9 (applying the first-to-file rule, a court looks to three threshold factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues).

### B. The Issues Are Substantially Similar.

Second, Hollings also concedes (as he must) that the complaint in the first-filed case includes allegations covering the parties' dispute arising from the website management services Hollings was engaged to provide for *The Secret*. (*See, e.g.*, Response at 7:21-23) ("The declaratory relief count briefly asks the court to declare *that Mr. Hollings is not due any additional compensation for his work performed for The Secret.*") (emphasis added)). Indeed, the first-filed case contains a count for declaratory judgment that "Hollings is entitled to no further compensation based on

any obligation, contractual or otherwise, for any and all services that he performed for *The Secret* during his engagement." (*See* Motion Exhibit 2, N.D. Illinois Compl. ¶¶ 76, 18, 23, 35-36, 38, 39-41).

Instead, Hollings argues that the first-filed case also includes additional claims based on Hollings' violation of defendants' intellectual property rights. By focusing on these additional claims and ignoring the declaratory judgment count in the first-filed case, Hollings ignores the general principle that the overall claims in the two cases do not have to be identical or even closely related.

Instead, a court should consider only whether the *issues* raised in the later-filed case are anticipated or covered by the first-filed case. *See L. Cohen Group v. Herman Miller, Inc.*, No. 05-4476, 2006 U.S. Dist. LEXIS 2301, at *9 (N.D. Cal. Jan. 19, 2006) (dismissing later-filed suit where "every issue in [party's later-filed] complaint is anticipated by the earlier-filed lawsuit"); *see also Google v. Am. Blind & Wallpaper Co.*, No. 03-05340, 2004 U.S. Dist. LEXIS 27601, at *14 (N.D. Cal. Apr. 8, 2004) (cited by plaintiffs) ("Although the two actions obviously are not mirror images of one another, it is clear that the fundamental issue in both actions . . . is identical.").

Here, Hollings' opposition makes plain that the issues in this later-filed case are covered by those that will be addressed in the first-filed case. For example, Hollings' opposition states, "This action focuses directly upon the required distribution of profits from *The Secret* movie and its supporting website . . . . Defendant[s] in this action have failed to compensate Mr. Hollings in accordance with the agreement and, as such, are in breach of their obligations." (Response at 1:7-8, 19-21). Yet, the plaintiffs in the first-filed case have similarly alleged that "[s]ince his termination, Hollings has demanded further compensation for his website management services based on an alleged compensation agreement . . . [and Plaintiffs thus] seek[] a declaration from this Court that [they] fully and adequately compensated Hollings . . . for the value of his services . . . and Hollings

is entitled to no further compensation based on any obligation, contractual or otherwise, for any and all services that he performed for *The Secret* during his engagement. (N.D. Ill. Compl. ¶¶ 41, 76). Indeed, Hollings' opposition acknowledges that "[t]he declaratory relief count briefly asks the court to declare *that Mr. Hollings is not due any additional compensation for his work performed for The Secret*." (Response at 7:21-23; 2:25-27) (emphasis added).

Thus, there is no basis for Hollings' argument that the issues between the two cases are not in fact identical for the purposes of this motion. Try as he might, Hollings cannot escape the conclusion (and his own admissions) that the issues raised in this later-filed case – including the issues regarding the terms of his engagement and whether he is entitled to further compensation for his services – are already at issue in the first-filed case in the Northern District of Illinois.

### C.   The Parties Are Also Substantially Similar.

The parties in the two actions in question do not have to be identical; rather, they need only be substantially similar in order to justify transfer of the later-filed suit. *See, e.g.*, *Nova Wines, Inc. v. Adler Fels Winery*, No. 06-6149, 2007 U.S. Dist. LEXIS 14910, at *8 (N.D. Cal. Mar. 2, 2007) (granting motion to stay claims in later-filed suit with non-identical parties and issues).

Contrary to Hollings' argument that the additional *The Secret*-related defendants are dissimilar from the plaintiffs in the first-filed case, Hollings' own complaint in this Court alleges that they are, in fact, intimately related and effectively share responsibility for the ownership and operation of *The Secret* and its website, and thus are jointly responsible for Hollings' purported harm. (*See* First Amended Compl. ¶ 2-5, 9-10 (detailing the alleged interconnection among the defendants). Having made these allegations, Hollings is estopped from now claiming a supposed dissimilarity among them sufficient to preclude transfer to the N.D. Illinois. *See New Hampshire v. Maine*, 542 U.S. 742, 755 (2001) (stating that

SQUIRE, SANDERS &
DEMPSEY L.L.P.
Suite 2700
40 North Central Avenue
Phoenix, Arizona 85004-4498

- 5 -

MOTION TO TRANSFER CASE TO NORTHERN DISTRICT OF ILLINOIS

it would "undermin[e] the integrity of the judicial process" to allow a party to benefit from one position and then attempt to foist an inconsistent position on the court to seek further advantage).

### III. Hollings' Claims of Bad Faith and Forum-Shopping Are Equally Baseless.

Hollings also argues (at Response 5:15-9:7) that this case should fall under an exception to the first-to-file rule because the plaintiffs in the first-filed case purportedly engaged in wrongful activity by filing their complaint in the Northern District of Illinois. The argument is baseless for a number of reasons.

First, Hollings' claim that the first-filed case is an anticipatory filing rests solely on the fact that that case includes a claim for declaratory judgment that Hollings has been paid in full for his services on *The Secret* website. But as Hollings himself has pointed out, the case includes six *other* claims for relief, including claims based on Hollings' trademark infringement and breach of his fiduciary duties. As set forth in the extensive allegations of the first-filed complaint, the plaintiffs in the first-filed case filed suit against Hollings and his company in the Northern District of Illinois not only to resolve his claim to additional compensation, but also because of Hollings' trademark infringement and breach of fiduciary duties. *See Google*, 2004 U.S. Dist. LEXIS 27601, at *13-18 (cited by plaintiffs) (rejecting claim of anticipatory filing and holding that "the totality of the circumstances suggests that [plaintiff's] decision to file suit did not have an inappropriate purpose"). The remaining cases Hollings cites for the anticipatory filing exception also thus have no application here. *See, e.g., Xoxide, Inc. v. Ford Motor Co.*, 448 F. Supp. 2d 1188 (first-filed suit contained only declaratory judgment claim); *Schmitt v. JD Edwards World Solutions Co.*, No. 01-1009, 2001 U.S. Dist. LEXIS 7089 (N.D. Cal. May 18, 2001) (same); *Tempco v. Elec. Heater Corp. v. Omega Eng'g*, 819 F.2d 746 (7th Cir. 1987) (same).

Hollings' claim of "forum-shopping" likewise misses the mark. The

*plaintiffs in the N.D. Illinois case reside in that district and the harms done to them occurred there*; the plaintiffs in the first-filed case are thus entitled to seek redress in the Northern District of Illinois. 28 U.S.C. § 1391(b)(2) ("A civil action . . . may be brought only in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. . . .").

Furthermore, Judge Guzman's June 26, 2008 order denying Hollings' motion to dismiss the first-filed case establishes conclusively that Hollings and his company were actively engaged in business in the N.D. Illinois, such that exercising jurisdiction over them there was and is entirely appropriate. (*See* Exhibit 5 at 3 ("Given these defendants' decision to engage in a business relationship with an Illinois company for seventeen months, the hundreds of emails and phone calls they made to or received from Illinois residents in the course of that relationship, and their repeated billing to, and receipt of payment from a corporation in Illinois, the Court's exercise of jurisdiction over them in this suit, *which arises directly out of those contacts*, is permissible.") (emphasis added)).

Finally, Hollings asserts that defendants have exhibited bad faith because certain affiliates of *The Secret* have filed a motion to dismiss a third unrelated case, No. 08-02272, in the N.D. Illinois, arguing that "Illinois has no interest" in determining the issues of that case. According to Hollings, that argument belies the argument the defendants make here, namely, that this case should be transferred into Illinois.

Hollings' description of Case No. 08-2272 and the defendants' rationale for moving to dismiss it, however, is deceptively incomplete. As described more fully in Hollings' Exhibit C, the primary issue in Case No. -8-2272 is one of ownership between two Australian companies. Specifically, the defendants in Case No. 08-02272 (which include the plaintiffs in the other N.D. Illinois case) have argued that "the central issue of the case is whether a foreign corporation with no operations in or apparent contacts with [Illinois] co-owns a film conceived and produced in

Australia for broadcast on Australian television . . . when a proceeding involving the very 'same issues' and substantially the same parties has been pending for over seven months in the Australian Federal Court." The defendants in Case No. 08-2272 have never argued that the Northern District of Illinois, where a number of them reside, is not generally a proper forum for addressing harms done to them there. Indeed, as detailed in Judge Guzman's June 26, 2008 order, resolution of the particular dispute described in this case and in the case first filed in the Northern District of Illinois is entirely appropriate. Accordingly, Hollings cannot legitimately claim a "bad faith" exception to the first-filed rule when the court in the first-filed case has already determined that jurisdiction is appropriate in the Northern District of Illinois.

## CONCLUSION

In light of the foregoing, defendants respectfully request that this case be transferred to the Northern District of Illinois, where the first-filed case involving identical issues, *TS Merchandising, Ltd. v. Hollings*, No. 07-6518, has been pending since November 16, 2007.

Dated: July 7, 2008              Squire, Sanders & Dempsey L.L.P.


                                 By: s/Christopher I. Cedillo
                                        Christopher I. Cedillo

                                 Attorneys for Defendants

EXHIBIT 4

## DECLARATION OF CHRISTOPHER I. CEDILLO

I, Christopher I. Cedillo, declare as follows:

1. I am an adult over the age of 18 and am counsel to the Defendants Rhonda Byrne, TS Production LLC, The Secret LLC (now named TS RER LLC), TS Production Holdings LLC, TS Merchandising Ltd., and Prime Time US Inc. I have personal knowledge of the facts contained in this declaration and, if called to testify, could and would competently testify thereto.

2. Exhibit 5 attached to the Reply in Support of the Motion to Transfer This Case to the Northern District of Illinois is a true and correct copy of the June 26, 2008 Order issued in *TS Merchandising Ltd. v. Hollings*, No. 07 C 6518, pending in the Northern District of Illinois.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed on the 7th day of July, 2008 in Phoenix, Arizona.

*/s/ Christopher I. Cedillo*
Christopher I. Cedillo

Exhibit 4
- 10 -

REPLY IN SUPPORT OF MOTION TO TRANSFER

# EXHIBIT 5

Case 1:07-cv-06518   Document 49   Filed 06/26/2008   Page 1 of 3

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6518 | **DATE** | 6/26/2008 |
| **CASE TITLE** | TS Merchandising Ltd. vs. Dan and Loretta Hollings, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this order, the Court grants in part and denies in part defendants' motion to dismiss for lack of personal jurisdiction [doc. no. 21]. The motion is granted as to defendant Loretta Hollings, who is dismissed as a party from this suit. The motion is otherwise denied.

Docketing to mail notices

| | Courtroom Deputy initials | CG/RM |
|---|---|---|

07C6518 TS Merchandising Ltd. vs. Dan and Loretta Hollings, et al   Page 1 of 3

Exhibit 5
- 11 -

TS Merchandising Ltd., and TS Production LLC have sued Dan and Loretta Hollings and Web Services LLC for their alleged violations of the Lanham Act, 15 U.S.C. §§ 1114, 1125, the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), breach of fiduciary duty, common law unfair competition and a declaration that plaintiffs do not owe Dan or Web Services any further compensation for the work they previously performed for plaintiffs. The case is before the Court on defendants' Federal Rule of Civil Procedure 12(b)(2) motion to dismiss for lack of personal jurisdiction. For the reasons set forth below, the motion is granted in part and denied in part.

### Facts

Dan Hollings and his wife Loretta have lived in Arizona since 1999. (Defs.' Mot. Dismiss, Ex. B, Dan Hollings Aff. ¶ 3; id., Ex. A, Loretta Hollings' Aff. ¶ 3.) In 2005, Dan was contacted by Rhonda Byrne, who was in Australia, about providing Web-related services for a movie she was producing called "The Secret." (Defs.' Mot. Dismiss, Ex. B, Dan Hollings Aff. ¶¶ 9-12.) Ultimately, the two reached an agreement and Dan began providing services for "The Secret" website in September 2005. (Pls.' Opp'n Defs.' Mot. Dismiss, Ex. 1, Dan Hollings Dep. at 13-14.) Dan did all of his work for "The Secret" from his home in Arizona and he sent his first invoice for that work to Byrne in Australia. (Id. at 24; Defs.' Mot. Dismiss, Ex. B, Dan Hollings Aff. ¶ 13.)

In October 2005, Byrne hired Bob Rainone as the Chief Executive Officer of The Secret LLC, which is one of plaintiffs' affiliates. (Pls.' Opp'n Defs.' Mot. Dismiss, Ex. 2, Rainone Decl. ¶ 2; Defs.' Mot. Dismiss, Ex. B, Dan Hollings Aff. ¶ 14.) After hiring Rainone, The Secret set up offices in Illinois. (Defs.' Mot. Dismiss, Ex. B, Dan Hollings Aff. ¶ 14.) From October 2005 until February 2007, when the parties' relationship ended, Dan (either personally or through Web Services, LLC, an Arizona company he created in 2006): (1) sent invoices monthly to The Secret in Illinois; (2) made dozens of phone calls to and received dozens of calls from Illinois in connection with his work for The Secret; (3) sent over 1500 emails to representatives of The Secret in Illinois; (4) received payment from Illinois for his work for The Secret; and (5) attended a meeting in Illinois with representatives of The Secret. (Pls.' Opp'n Defs.' Mot. Dismiss, Ex. 1, Dan Hollings Dep. at 13-14, 22-38, 41-42; id., Ex. 2, Rainone Decl. ¶¶ 2-8.)

Plaintiffs seek to recover from Dan, Loretta and Web Services for their allegedly improper use of plaintiffs' trademarks and exploitation of their relationship with The Secret for personal gain. Defendants contend that their contacts with Illinois are too insubstantial to permit the Court to exercise personal jurisdiction over them.

### Discussion

To defeat a Rule 12(b)(2) motion to dismiss, plaintiff must make a *prima facie* case of personal jurisdiction. *Neiman v. Rudolf Wolff & Co., Ltd.*, 619 F.2d 1189, 1190 (7th Cir. 1980). In determining whether plaintiff has done so, the Court accepts as true "all well-pleaded jurisdictional allegations in the complaint . . . unless [they are] controverted by affidavit." *Travelers Cas. & Sur. Co. v. Interclaim (Bermuda) Ltd.*, 304 F. Supp. 2d 1018, 1021 (N.D. Ill. 2004).

Federal courts sitting in diversity may exercise personal jurisdiction over nonresident defendants only if the forum-state court would have such jurisdiction. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002).[1] Illinois courts can "exercise jurisdiction on any . . . basis now or hereafter permitted by the Illinois Constitution and the

---

[1] Plaintiffs also assert claims under the Lanham Act and the Anticybersquatting Acts but, because those statutes do not authorize nationwide service of process, the Court can exercise jurisdiction over defendants on those claims only if they are subject to the personal jurisdiction of the Illinois courts. *See LFG, LLC v. Zapata Corp.*, 78 F. Supp. 2d 731, 735 (N.D. Ill. 1999) (Lanham Act); *Wright v. Domain Source, Inc.*, No. 02 C 2525, 2002 WL 1998287, at *2 (N.D. Ill. Aug. 28, 2002) (Anticybersquatting Act).

07-C-6518 TS Merchandising Ltd. vs. Dan and Loretta Hollings, et al.    Page 2 of 3

Exhibit 5
- 12 -

Constitution of the United States." 735 Ill. Comp. Stat. 5/2-209(c). Because the state and federal standards are not substantively different, *see Hyatt*, 302 F.3d at 715, the Court will address only the federal.

The Court can exercise personal jurisdiction over defendants if they have sufficient "minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotation omitted). If a "defendant has continuous and systematic general business contacts with the forum," he is subject to that forum's general jurisdiction and can be sued there for any cause of action. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003) (quotation omitted). If a defendant's purposeful contacts with the forum are more limited, he is subject to its specific jurisdiction and can be sued there only if the suit arises out of those specific contacts. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997).

Though Dan is an Arizona resident and Web Services an Arizona company, both defendants had sufficient contact with this state to permit the Court to exercise specific jurisdiction over them.[2] For the seventeen-month period from October 2005, when The Secret opened its Illinois office, through February 2007, when the parties terminated their relationship, Dan or his company regularly provided services to an Illinois resident. In connection with that work, Dan routinely emailed, telephoned and invoiced representatives of the Secret in Illinois and he, or his company, routinely received payment from Illinois for his services. Given these defendants' decision to engage in a business relationship with an Illinois company for seventeen months, the hundreds of emails and phone calls they made to or received from Illinois residents in the course of that relationship, and their repeated billing to, and receipt of payment from a corporation in Illinois, the Court's exercise of jurisdiction over them in this suit, which arises directly out of those contacts, is permissible. *See Purdue Research*, 338 F.3d at 780-81 ("[T]here must be some showing that the defendant purposefully availed itself of the privilege of conducting activities within the forum state. . . . [that] the defendant has deliberately engaged in significant activities within the forum state, or . . . . has created continuing obligations between itself and a resident of the forum." (citations omitted)).

The same is not true for Loretta Hollings. She: (1) has been an Arizona resident since 1999; (2) is not, and never has been, a member, officer or employee of Web Services; (3) has never had any contact with Byrne, Rainone or The Secret; and (4) has not even been in this state for six years. (Defs.' Mot Dismiss, Ex. A, Loretta Hollings Aff.; Defs' Reply Supp Mot. Dismiss, Ex. C, Loretta Hollings Dep. at 2-4). The *only* connection she has to this lawsuit is that she is married to Dan. (*See generally* Defs.' Mot., Ex. A, Loretta Hollings' Aff.) Because plaintiffs have not demonstrated that Loretta had any contact with this state, any of its residents, or the events underlying this suit, her motion to dismiss for lack of personal jurisdiction is granted.

---

[2] Because plaintiffs confine their argument to specific jurisdiction, the Court does so as well.

07C 6518 TS Merchandising Ltd. vs. Dan and Loretta Hollings, et al.                                                Page 3 of 3

Exhibit 5
- 13 -